[Civ. No. 19796.   First Dist., Div. Three.   June 22, 1962.]

HANNAH L. CALDWELL, Plaintiff and Appellant, v. J. EMOTT CALDWELL, Defendant and Respondent.

Winston Churchill Black and Bruce W. Stilson for Plaintiff and Appellant.

Cooper, White & Cooper, Sheldon G. Cooper, William J. Dowling, Jr., R. Barry Churton and James B. Schnake for Defendant and Respondent.

DRAPER, P. J.—Plaintiff wife appeals from order denying her motion to increase allowance for support of a minor daughter.

Interlocutory decree of divorce awarded custody of the two older children to defendant husband, and the three younger to plaintiff wife. Husband was ordered to pay $1,250 per month as alimony, and $200 per month for support of each of the three children in wife's custody. These provisions were incorporated in the final decree. In June, 1960, wife filed her affidavit alleging that Julie, the eldest of the three children in her custody, was completing grammar school. Wife desired to enter Julie in a private boarding school for her four years of high school work, and sought increase of Julie's support award in the amount charged therefor, less an adjustment for the decrease in wife's expenses resulting from Julie's residence at the school. Order to show cause was issued, and hearing held.

Husband's testimony showed that his net worth was $973,500, some $150,000 more than at the time of the interlocutory decree. His income, exclusive of capital transactions, had decreased by some $25,000 from the year 1957, that considered in the award made in the interlocutory decree. Profits of a store owned by husband had been $20,000 in 1957, had decreased in 1958 and 1959, and had ceased at time of hearing in this matter because the store had been sold. There was evidence, however, of capital gains actually realized upon sales of securities, although the precise amount thereof is not here shown because income-tax returns in evidence at trial are not in the record here. Husband testified also that the eldest child, a girl, had attended the same private school to which wife desired to send Julie, and that the second child, a son, also had attended a private high school before the parties separated.

Wife's counsel sought to call her as a witness. The court said "I understand she is just going to testify as to cause for more money," indicated that it did not desire to hear her, and, when counsel persisted, announced that the motion for

increase was denied. The court denied two further requests for permission to call wife as a witness, and twice reiterated its denial of the motion. The wife did not testify.

The jurisdictional facts in a case of this type are the needs of the child and the ability of the parent to pay (*Metson* v. *Metson,* 56 Cal.App.2d 328, 332 [132 P.2d 513]). ▮ It is basic that children are entitled to be supported in a condition consistent with the position in society of their parents (*Newell* v. *Newell,* 146 Cal.App.2d 166, 178 [303 P.2d 839]), and that a father's duty does not end with the furnishing of mere necessities if he is able to afford more (*Bailey* v. *Superior Court,* 215 Cal. 548, 555 [11 P.2d 865]). ▮ It is clear that the needs of the child must be shown (*Williams* v. *Williams,* 80 Cal.App.2d 28, 30 [181 P.2d 110]). It follows that the trial court erred in refusing to permit the wife to present evidence as to those needs. ▮ No offer of proof was required, since the court's repeated rulings made such an offer futile (Witkin, Cal. Evidence, 745-746). Equally unavailing is defendant's assertion that the refusal to permit wife to testify was not prejudicial (see cases cited at 3 Witkin, Cal. Procedure, § 112[2], p. 2285).

The trial court also gave some indication that capital gains were not to be considered in determining husband's capacity to pay the cost of maintaining Julie in the private school. Since we must reverse for the failure to permit plaintiff to testify, it is unnecessary to determine whether this view was so definite as to amount to reversible error. For any future trial of the issue, however, we point to defendant's concession here that such gains may be considered.

Julie did not attend the designated private school in either of her first two years of high school, and the issue is thus moot as to those years. Plaintiff's application, however, covered the full four-year course, and the application may be retried as to the two remaining years. We do not, of course, suggest the result which should follow. That lies in the sound discretion of the trial court. In its prospective effect for the two remaining high school years, however, the present order cannot be sustained.

Order reversed.

Salsman, J., and Devine, J., concurred.