[Crim. No. 11126. Fourth Dist., Div. One. Dec. 4, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
SAMUEL OTHELLO BOLDEN, JR., Defendant and Appellant.

## COUNSEL

Appellate Defenders, Inc., under appointment by the Court of Appeal, Peter Clarke and Paul Bell for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom and Rudolf Corona, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.\***—Samuel Othello Bolden, Jr., appeals the order finding him mentally incompetent to stand trial based upon a jury verdict of incompetence. Bolden contends he was denied due process by Penal Code section 1368 which requires his attorney to give an opinion of his client's competence, and was denied effective assistance of counsel when his counsel offered evidence of his incompetence although Bolden desired to be found competent.

Bolden was charged with robbery (Pen. Code, § 211), two counts of assault with intent to murder (Pen. Code, § 217), and two counts of assault with a deadly weapon (Pen. Code, § 245 subd. (a)). Criminal proceedings were suspended to determine if Bolden was competent to stand trial. The first jury trial on the issue of competence was declared

---

\*Before Brown (Gerald), P. J., Cologne, J., and Work, J.†

†Assigned by the Chairperson of the Judicial Council.

a mistrial after the jury was unable to reach a verdict. New counsel was appointed for the retrial. Two psychiatrists testifying for the People said Bolden was not competent to stand trial, as he was suffering delusions. He believed the people he was charged with assaulting, his father and brother, were actually aliens from outer space who were inhabiting the bodies of his father and brother.

Out of the jury's presence Bolden's counsel explained to the court his client wanted to testify in his own behalf and wanted to be found competent to stand trial. While counsel felt he had a duty to pursue his client's desires, he also felt he had a duty to represent his client's best interests. He had been told by professional people a not-guilty-by-reason-of-insanity defense was available for his client. He felt he needed his client's cooperation to pursue this defense. Bolden's current mental state interfered with such cooperation. Counsel's solution to this dilemma was to place Bolden on the witness stand to testify to his competence, and then to offer his own psychiatric witness who testified Bolden was not competent to stand trial.

After 10 minutes of deliberation, the jury returned a verdict of not competent to stand trial. Bolden was committed to Patton State Hospital for treatment.

■ Penal Code section 1368 requires a judge who doubts the mental competence of the defendant to "inquire of the attorney for the defendant whether, in the opinion of the attorney, the defendant is mentally competent." Bolden contends this section violates the attorney-client privilege (Evid. Code, § 954) by requiring the attorney to reveal knowledge gained in the course of his relationship with his client.

This statute does not, however, require the disclosure of a confidential communication. "What the attorney observes of or hears from his client is not always privileged. [Citations.] It is apparent that some ingredient of disclosure or revelation is essential to the element of communication." (*Grand Lake Drive In* v. *Superior Court,* 179 Cal.App.2d 122, 126 [3 Cal.Rptr. 621, 86 A.L.R.2d 129].) Although an attorney's opinion of his client's competence may be principally drawn from confidential communications he has had with that client, merely giving the opinion does not reveal any protected information. (See *People* v. *Gilbert,* 26 Cal.App.2d 1, 22 [78 P.2d 770].)

A "confidential communication" is defined in Evidence Code section 952 as "information transmitted between a client and his lawyer in the course of that relationship...and includes a legal opinion formed and the advice given by the lawyer...." Bolden latches onto the words "legal opinion" and argues the opinion of competence is a legal opinion which is protected. The statute, however, uses "legal opinion" to specify one type of information protected. Substituting "legal opinion" for "information" in the statutory language, we see the type of legal opinion protected by the privilege is one "transmitted between a client and his lawyer," not one, as here, initially transmitted between the lawyer and the court.

Bolden contends even if the attorney's opinion of mental competence does not always reveal a confidential communication, in this case the psychiatrists who examined him based their opinions in part upon specific communications occurring between Bolden and his first counsel. Bolden cites us to only one place in the record where such communication is mentioned. There the psychiatrist testified Bolden's former attorney said Bolden believed the aliens inhabiting his father's body were from outer space. However, even assuming Bolden's former attorney improperly revealed privileged information to the psychiatrists, there was no prejudice to Bolden from the revelation as Bolden himself also told the psychiatrists, and testified in court, alien imposters had taken over the bodies of his family and others.

Bolden contends he was denied effective assistance of counsel, since he did not receive "the kind of legal assistance to be expected of a reasonably competent attorney acting as a conscientious, diligent advocate." (*People* v. *Pope,* 23 Cal.3d 412, 427 [152 Cal.Rptr. 732, 590 P.2d 859].) No complaint is made about the skill of his attorney or the attorney's dedication to his client. Bolden's contention is the attorney was acting in what he felt was the best interest of his client rather than as an *advocate* of his client's position. By his attorney "siding" with the People in offering evidence of incompetence, Bolden contends, his desire to be found competent went unrepresented.

Diligent advocacy does not require an attorney to blindly follow every desire of his client. An attorney can ordinarily make binding waivers of many of his client's rights as to matters of trial tactics (*People v. Hill,* 67 Cal.2d 105, 114 [60 Cal.Rptr. 234, 429 P.2d 586]). When the attorney doubts the present sanity of his client, he may assume his client cannot act in his own best interests and may act even contrary to the

express desires of his client (*People* v. *Hill, supra,* 67 Cal.2d 105, 115, fn.4). To do otherwise may cause prejudicial error (*People* v. *Merkouris,* 46 Cal.2d 540 [297 P.2d 999]).

Bolden's attorney provided effective assistance to his client.

Order affirmed.

Appellant's petition for a hearing by the Supreme Court was denied January 30, 1980.