[No. C001579. Third Dist. Dec. 1, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JAY MURRELL, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976.1, this opinion is certified for partial publication. See footnote 1, *infra*, page 824.

**COUNSEL**

Frank O. Bell, State Public Defender, under appointment by the Court of Appeal, Monica Knox, Acting State Public Defender, Joan L. Cavanagh, Chief Assistant State Public Defender, and Sandra Gillies, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steven White, Chief Assistant Attorney General, James T. McNally and Ruth M. Saavedra, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PUGLIA, P. J.**—A jury convicted defendant of second degree murder (Pen. Code, §§ 187, 188, 189) and two counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)). Defendant admitted he personally used a firearm in the commission of each of the offenses, within the meaning of Penal Code section 12022.5. (Further statutory references to sections of an unspecified code are to the Penal Code.) Defendant was sentenced to state prison.

On appeal, defendant contends the judgment must be reversed because (1) he was denied a jury trial on the issue of his mental competence, (2) he was mentally incompetent at the time of his preliminary examination, and (3) the jury was erroneously instructed in terms of CALJIC No. 3.34, and on the issue of implied malice. We shall affirm, dealing with the asserted denial of a jury trial on the issue of mental competence in the published part of this opinion and with the remaining issues in the unpublished part.[1]

I

. . . . . . . . . . . . . . . . . . .

---

[1] The Reporter of Decisions is directed to publish all of this opinion except parts I, III and IV.

## II

Prior to trial, the superior court ordered defendant examined by a psychiatrist and a psychologist who were to render their opinions on defendant's competence to stand trial pursuant to section 1368 et seq. After receiving their reports, the court suspended criminal proceedings and ordered a trial on the issue of defendant's competence. Defendant demanded a jury. The jury found defendant incompetent by reasons of mental disorder and developmental disability. On June 8, 1984, the court committed defendant to Atascadero State Hospital.

On August 28, 1984, the Medical Director of Atascadero State Hospital certified defendant as competent to stand trial. Defendant was returned to court where a three-day hearing was conducted to allow defendant to challenge the certification of competence. At the conclusion of the hearing, the court determined defendant was competent.

Defense counsel then demanded a second jury trial on the issue of competence and moved to reopen the hearing on certification of competence. The court granted the motion to reopen and appointed a psychiatrist and a psychologist to examine defendant, but denied the demand for a jury trial. After a three-day court trial on the certification of competence, the court again found defendant competent to stand trial. Once again, defendant demanded and the court denied a jury trial on the issue of competence. The court reasoned there was no new evidence of incompetence or changed circumstances sufficient to warrant a section 1368 hearing with the right to demand a jury trial. The court reinstated the criminal proceedings.

The procedures for inquiry into competence of a defendant before trial or after conviction are set out in sections 1367-1375.5. "A person cannot be tried or adjudged to punishment while such person is mentally incompetent. A defendant is mentally incompetent for purposes of this chapter if, as a result of mental disorder or developmental disability, the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner." (§ 1367.)

If at any time prior to judgment a doubt arises in the mind of the trial judge whether the defendant is presently competent, and that doubt is confirmed by defense counsel, the judge must suspend the criminal proceedings and order a competence hearing. (§ 1368.) ■ Whenever the defendant presents substantial evidence of his present incompetence, the trial court abuses its discretion if it fails to hold a competence hearing, even though the court may not entertain any subjective doubt as to the defendant's competence. (*People* v. *Stankewitz* (1982) 32 Cal.3d 80, 92 [184

Cal.Rptr. 611, 648 P.2d 578, 23 A.L.R.4th 476]; *People* v. *Pennington* (1967) 66 Cal.2d 508. 516-519 [58 Cal.Rptr. 374, 426 P.2d 942], relying on *Pate* v. *Robinson* (1966) 383 U.S. 375 [15 L.Ed.2d 815, 86 S.Ct. 836].) The testimony of one mental health professional alone that, due to mental defect or developmental disability, the defendant is unable to assist counsel or understand the proceedings constitutes substantial evidence sufficient to warrant a competence hearing. (*Stankewitz, supra,* at pp. 92-93; *People* v. *Campbell* (1987) 193 Cal.App.3d 1653, 1662 [239 Cal.Rptr. 214].) At defendant's demand, the competence issue must be tried to a jury. (§ 1369; *People* v. *Pennington, supra,* 66 Cal.2d at p. 519.)

If the defendant is found mentally incompetent, the court shall order him committed to a state hospital or other facility or to outpatient status. (§§ 1370, subd. (a); 1370.1, subd. (a).) Once the medical director of the hospital or other facility determines the defendant has regained mental competence, the director must immediately certify that fact to the court. (§ 1372, subd. (a)(1).) The defendant must then be turned over to the sheriff of the county from which he was committed, who shall ". . . immediately return [him] to the court for further proceedings." (§ 1372, subd. (a)(2).) "When a defendant is returned to court with a certification that competence has been regained, the court shall notify [the director of the hospital or facility] of the date of any hearing on the defendant's competence and whether or not the defendant was found *by the court* to have recovered competence." (§ 1372, subd. (c), italics added.) Finally, "[w]*here the committing court approves the certificate of restoration to competence* as to a person in custody," the court shall determine whether the defendant is eligible for release on bail or on his own recognizance. (§ 1372, subd. (d), italics added.)

■ Although section 1372 does not directly provide for a hearing where the defendant may challenge the medical director's certification of competence, the numerous references in that statute to a hearing indicate a legislative intention that such a hearing be afforded.

We believe, however, that the Legislature intended that the hearing on certification of competence be held before the court and not before a jury. The competence hearing provided for by section 1368 is a "special proceeding" and, as such, the sole right to a jury at the hearing is that provided by statute. (*People* v. *Samuel* (1981) 29 Cal.3d 489, 505 [174 Cal.Rptr. 684, 629 P.2d 485]; *People* v. *Hill* (1967) 67 Cal.2d 105, 114 [60 Cal.Rptr. 234, 429 P.2d 586]; *People* v. *Rojas* (1981) 118 Cal.App.3d 278, 286-287 [173 Cal.Rptr. 64, 174 Cal.Rptr. 91].) The hearing on the certification of competence provided for in section 1372 is also a special proceeding. Unlike section 1368, however, section 1372 does not provide for a jury. To the contrary, the reference in section 1372, subdivision (c), to the finding "by

the court" whether defendant has recovered competence and the direction in section 1372, subdivision (d) that ". . . the committing court [approve] the certificate of restoration to competence" indicate the Legislature intended that the court, not a jury, hear this phase of the competence proceedings.

■ Nevertheless, defendant contends that on his return from Atascadero he was entitled to a section 1368 competence hearing before a jury because he presented psychiatric testimony at his section 1372 certification of competence hearing that he was presently incompetent. In effect, defendant asserts that if at any time during the criminal proceedings the defendant presents psychiatric testimony that he is incompetent, all criminal proceedings must cease and a jury trial on competence commence, even though the defendant has been previously found competent at a contested hearing. We do not accept that interpretation of the statute. The trial court was obligated to reinitiate section 1368 proceedings only if defendant presented substantially new evidence or changed circumstances. (*People* v. *Zatko* (1978) 80 Cal.App.3d 534, 548 [145 Cal.Rptr. 643]; *People* v. *Melissakis* (1976) 56 Cal.App.3d 52, 62 [128 Cal.Rptr. 122].) As the evidence presented by defendant in support of his demand for a second jury trial was the same as the evidence found by the trial court to be insufficient to prove defendant's incompetence at the hearing on the certification of competence, the trial court did not err in refusing defendant's demand for a jury trial.

### III, IV*

. . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Carr, J., and Watkins, J.,† concurred.

A petition for a rehearing was denied December 21, 1987, and appellant's petition for review by the Supreme Court was denied March 30, 1988.

___

* See footnote 1, *supra,* page 824.
† Assigned by the Chairperson of the Judicial Council.