[No. A055669. First Dist., Div. One. Mar. 31, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
ARTHUR L. HARRIS, Defendant and Appellant.

**COUNSEL**

Paul Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald E.

Niver and David H. Rose, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEIN, J.**—Arthur L. Harris appeals from an order entered on October 22, 1991, finding him not competent to stand trial. While this appeal was pending, appellant was certified competent and criminal proceedings were reinstituted. In a second Penal Code section 1368 proceeding, a jury found appellant competent to stand trial, and he has since been convicted of several felonies. ■ Although several of the issues appellant raises on this appeal are moot, three are of sufficient public importance that, in our discretion, they deserve review. These issues are: (1) May defense counsel waive the right to a jury trial in a Penal Code section 1368 proceeding over the objections of his client? (2) May defense counsel waive presence of the defendant at the section 1368 proceeding over his client's objection? (3) Did the court err in appointing only one psychiatrist to evaluate appellant pursuant to Penal Code section 1369?

### FACTS

Appellant was originally charged with assault on a cohabitant (counts I and II, Pen. Code, § 273.5, subd., (a)); false imprisonment (count III, Pen. Code, § 236); assault (counts IV and V, Pen. Code, § 245, subd. (a)(1)); child abuse (count VI, Pen. Code, § 273a, subd. (1)); assault on an officer (count VII, Pen. Code, § 243, subd. (c)); and brandishing a knife (count VIII, Pen. Code, § 417, subd. (a)(1)). During the preliminary hearing, appellant repeatedly had to be removed from the courtroom because of conduct which seriously disrupted the proceedings. The court attempted to keep open the door of the holding cell to which appellant had been removed but was forced to close it because of appellant's persistent outbursts.

The matter was assigned for trial on October 7, 1991. During the morning session, appellant was removed from the courtroom after he shouted a series of obscenities at the judge and persisted in his outbursts despite the court's warning that the trial would proceed in his absence if the outbursts continued. The court attempted to have appellant returned to court for the afternoon session, but the obscenities continued. Appellant refused to sit down or let the court speak. Finally, the court again ordered him removed.

In appellant's absence the court stated, "[I]t is abundantly clear to this Court that this Court will be absolutely frustrated in its ability to proceed

with him present." The court further stated that it doubted appellant's competence to stand trial. Defense counsel responded that "there is a grave question in my mind as to whether he ha[s] some kind of mental disorder that would affect his ability to assist in his representation."

The court had appellant returned to court in order to explain his rights under Penal Code section 1368. The court made several unsuccessful attempts to explain appellant's rights before having him removed, once again, from the courtroom.[1] In appellant's absence, defense counsel waived arraignment for the Penal Code section 1368 proceedings. Criminal proceedings were suspended and the court appointed Dr. David Kessler to examine appellant and report on the issue of competence. Appellant refused to be interviewed by Dr. Kessler, who concluded that appellant was incompetent to stand trial.

On October 22, 1991, the matter was returned to court before a different judge. Appellant's counsel waived appellant's presence, and the matter was submitted on Dr. Kessler's report. The court thereupon adopted Dr. Kessler's recommendation and found appellant incompetent to stand trial.

---

[1] "THE COURT: Mr. Harris, I want to tell you that I have a doubt as to your mental capacity to stand trial.

"THE DEFENDANT: Hey, first of all here—

"THE COURT: And therefore you have certain constitutional statutory rights.

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"THE DEFENDANT: Don't even try my capacity to stand trial. Just because I wouldn't let you people railroad Arthur Harris. That's impossible. You can check the record and tell that's impossible.

"THE COURT: That's exactly what I'm checking.

"THE DEFENDANT: I understand that I'm charged with eight felonies. . . . And if I go to trial and lose I can go to prison under Penal Code Section 1170.1 for eight years. I understand that. [¶] I understand also that I'm in the Superior Court of California. I understand the whole process here. I understand that you people trying to railroad me. And it's not going to work here. You know, now, whenever you want to do this, been tried before. It didn't work then; it's not going to work now. [¶] If you are going to *try to do this and see a psychiatrist, I want to pick my own.* [Italics added.] If that's what you are trying to do; it's not going to work.

"THE COURT: I take it you are not going to let me arraign you on this then.

"THE DEFENDANT: No. . . .

"THE COURT: Are you going to let me arraign you on it?

"THE DEFENDANT: On what?

"THE COURT: On the 1368.

"THE DEFENDANT: You are not going to arraign me.

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"THE COURT: You aren't going to let me tell you about your rights?

"THE DEFENDANT. Right. The police have been harassing me.

"THE COURT: Are you going to let me tell you about your rights? [¶] That's enough. Thank you.

"THE DEFENDANT: You can't fool Arthur Harris. . . ."

Appellant filed a timely appeal from the commitment order. While this appeal was pending, appellant was certified competent to stand trial. The trial court reinstituted Penal Code section 1368 proceedings and on August 26, 1992, a jury found appellant mentally competent to stand trial.

ANALYSIS

I.

*Mootness*

The threshold question in this case is whether the appeal is now moot in light of the fact that, while this appeal was pending, appellant was certified competent for trial and criminal proceedings have been reinstituted. The underlying commitment order has expired, and therefore appellant has already obtained the relief he would have been entitled to had this court reviewed the order while it was still in effect. Appellant nonetheless contends that the appeal should not be found moot because: (1) The issues he raises are not unique and are likely to evade review because section 1368 commitments are "potentially so short-lived that they will evade review if found moot" (see, e.g., *Motown Record Corp.* v. *Brockert* (1984) 160 Cal.App.3d 123, 129 [207 Cal.Rptr. 574]); (2) review is necessary in order to remove the continuing stigma of having been found incompetent to stand trial; (3) the issues raised in the appeal are of continuing public interest.

We find that three of appellant's contentions are of sufficient public importance that it is appropriate to address them on the merits despite the fact that appellant's commitment has expired. (See, e.g., *Mountain Lion Coalition* v. *Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1045, fn. 2 [263 Cal.Rptr. 104].)

II.

*Defense Counsel's Ability to Waive Jury Trial*

■ Appellant contends that defense counsel may not waive the right to a jury trial in a Penal Code section 1368 proceeding over the objections of his client. It is well established that trial counsel has the right to control the proceedings and make tactical decisions which are contrary to the expressed wishes of his or her client. (See, e.g., *People* v. *Williams* (1970) 2 Cal.3d 894, 905 [88 Cal.Rptr. 208, 471 P.2d 1008]; *People* v. *Robles* (1970) 2 Cal.3d 205, 214 [85 Cal.Rptr. 166, 466 P.2d 710].) Where, however, defendant and counsel disagree over the assertion of a fundamental constitutional

right, such as the right to testify in the defendant's own behalf (*Robles, supra,* at pp. 214-215) or the *constitutional* right to jury trial, the defendant's desire to exercise these fundamental rights must prevail. Thus, we do not disagree with appellant's basic proposition that absent evidence that he is unable to do so, his desire to assert or waive his constitutional rights must prevail over trial counsel's strategical preferences. Instead, we find appellant's basic premise, i.e., that there is a constitutional right to a jury trial in a Penal Code section 1368 proceeding, to be erroneous.

"[A Penal Code section] 1368 hearing is not within the scope of [former] article I, section 7 [new article I, section 16], of the California Constitution, precluding a waiver 'in criminal cases' unless the defendant and his attorney concur. A 1368 hearing is a special proceeding. The only right to a jury trial in a special proceeding collateral to the criminal trial is that provided by statute." (*People* v. *Hill* (1967) 67 Cal.2d 105, 114 [60 Cal.Rptr. 234, 429 P.2d 586], fn. omitted.) Subsequently, in *People* v. *Samuel* (1981) 29 Cal.3d 489 [174 Cal.Rptr. 684, 629 P.2d 485], the court reiterated that, "the right to a jury in section 1368 hearings is a creature of statute, rather than a mandate of our Constitution as is the jury right at trial. (*People* v. *Hill, supra,* 67 Cal.2d 105, 114.)" (*People* v. *Samuel, supra,* 29 Cal.3d at p. 505.) In *People* v. *McPeters* (1992) 2 Cal.4th 1148 [9 Cal.Rptr.2d 834], the court again described the right to a jury trial in Penal Code section 1368 proceedings as a "statutory right to jury trial." (2 Cal.4th at p. 1168, citing *People* v. *Superior Court* (*McPeters*) (1985) 169 Cal.App.3d 796 [215 Cal.Rptr. 482].) With one exception,[2] the Courts of Appeal have also held that a section 1368 proceeding is a special proceeding in which there is no constitutional right to a jury trial. (See, e.g., *People* v. *Murrell* (1987) 196 Cal.App.3d 822, 826 [242 Cal.Rptr. 175]; *People* v. *Superior Court* (*McPeters*), *supra,* 169 Cal.App.3d at p. 798; *People* v. *Rojas, supra,* 118 Cal.App.3d at p. 283.)

Appellant also relies generally on *Conservatorship of Roulet* (1979) 23 Cal.3d 219 [152 Cal.Rptr. 424, 590 P.2d 1], which held that *when a jury is*

---

[2]In *People* v. *Superior Court* (*Campbell*) (1975) 51 Cal.App.3d 459, 463 [124 Cal.Rptr. 158], the court relied on *People* v. *Feagley* (1975) 14 Cal.3d 338 [121 Cal.Rptr. 509, 535 P.2d 373], where the court held that there was a constitutional right to a jury trial in cases arising under the mentally disordered sex-offender statute, to support its conclusion that a defendant in a section 1368 proceeding has a constitutional right to a jury trial, and that it therefore may not be waived by counsel over defendant's objections. *People* v. *Rojas* (1981) 118 Cal.App.3d 278 [173 Cal.Rptr. 64, 174 Cal.Rptr. 91] expressly disagreed with *Campbell* and explained that the rights of a defendant in a mentally disordered sex-offender proceeding were simply not analogous to those of a defendant in a Penal Code section 1368 proceeding, who did not face commitment for an indeterminate period, or the lingering stigma of having to register as a sex offender. We conclude that *Rojas* is the better reasoned decision and decline to follow *Campbell*, especially in light of the fact that its holding directly conflicts with *People* v. *Hill, supra,* 67 Cal.2d at page 114; *People* v. *Samuel, supra,* 29 Cal.3d at page 505, and *People* v. *McPeters, supra,* 2 Cal.4th at page 1168.

*requested* in a conservatorship proceeding under the Lanterman-Petris-Short Act's (LPS Act) grave disability provisions, the verdict must be unanimous, and the standard of proof of grave disability must be beyond a reasonable doubt. *Roulet* does hold that criminal due process standards must apply to a civil commitment proceeding under the LPS Act. (*Id.* at pp. 223-233.) Without digressing into a comparison between a LPS commitment discussed in *Roulet* and a Penal Code section 1368 proceeding,[3] suffice it to say that the decision in *Roulet* says nothing about the existence of a constitutional right to a jury trial in a section 1368 proceeding; and that since the decision in *Roulet*, our Supreme Court has twice reiterated that the right to a jury trial in a section 1368 proceeding is statutory. (See *People* v. *Samuel, supra,* 29 Cal.3d at p. 505; *People* v. *McPeters, supra,* 2 Cal.4th at p. 1168.)

Appellant contends that the holdings in *People* v. *Hill, supra,* 67 Cal.2d 105, and *People* v. *Samuel, supra,* 29 Cal.3d 489, were implicitly disapproved in *People* v. *Mickle* (1991) 54 Cal.3d 140 [284 Cal.Rptr. 511, 814 P.2d 290]. The court in *Mickle* never questioned the validity of that portion of the *Samuel* opinion that described the right to a jury trial in a Penal Code section 1368 proceeding as statutory. Instead, the court simply rejected the defendant's contention that defense counsel or the court should have overridden defendant's personal assertion of the attorney-client privilege, which resulted in the exclusion of the only evidence of defendant's incompetence. The *Mickle* court further found that because defense counsel did not object to the defendant's assertion of the privilege, the point was not preserved for appeal. (54 Cal.3d at pp. 183-184.) Thus, its discussion of *People* v. *Samuel* was dicta.

We conclude that the decision in *People* v. *Mickle, supra,* 54 Cal.3d 140, does not expressly or implicitly disapprove existing Supreme Court authority holding that the right to a jury trial in a Penal Code section 1368 proceeding is not a constitutional right. Our conclusion that counsel had the authority to waive this right without the consent of his client is premised on the well-established rules that trial counsel has the power to exercise independent judgment with respect to strategic decisions at trial. We emphasize that in reaching this conclusion we apply the same rules applicable to defendants whose competence has not been placed in doubt, and do not depend upon, or comment on, the proposition that different rules may apply where the court has, as in this case, stated on the record that it entertains a doubt as to the defendant's competence to stand trial.

---

[3]But see *People* v. *Skeirik* (1991) 229 Cal.App.3d 444, 456-457, fn. 13 [280 Cal.Rptr. 175], explaining that a defendant found incompetent to stand trial may only be committed for a limited period not to exceed the lesser of three years or the maximum term of imprisonment provided by law for the most serious underlying offense, after which "any further commitment may occur only if the defendant falls within the new standards set forth in the LPS Act"; and see also *People* v. *Bye* (1981) 116 Cal.App.3d 569, 573-577 [172 Cal.Rptr. 186].

## III.

*Defense Counsel's Ability to Waive His Client's Presence at the Hearing*

Appellant contends that he was deprived of his right to be present at the Penal Code section 1368 hearing. Counsel waived appellant's presence and agreed to submit the issue of competence based on the report of the court-appointed psychiatrist. The Attorney General argues that appellant, by his conduct on the first day of trial and his refusal to permit the judge to advise him of his rights with respect to the section 1368 proceedings, waived the right to be present. There is no question that the judge properly removed appellant from the courtroom on October 7, based on his conduct when the section 1368 issue first arose. (See Pen. Code, § 1043.) The record, however, does not reflect that any attempt was made to bring appellant into the courtroom on the day of the section 1368 hearing, which took place before a different judge. Although we do not suggest that a disruptive defendant must be given infinite opportunities to reform, we decline to assume from a silent record that appellant was excluded from the section 1368 proceedings because of his disruptive conduct several weeks earlier, before a different judge.

It is unclear, however, what statutory or constitutional right the defendant may have to be present at a Penal Code section 1368 hearing. Penal Code section 1043 concerning the presence of the defendant at a felony trial does not control a section 1368 proceeding, since it is not a felony trial but rather is a civil proceeding collateral to the criminal trial. The purpose of pretrial confinement for incompetence is "restoration of a specific mental state without which the criminal process cannot proceed." (*People* v. *Waterman* (1986) 42 Cal.3d 565, 569 [229 Cal.Rptr. 796, 724 P.2d 482].) Assuming arguendo that appellant's due process right to be present at all critical stages of the proceedings applies, it is well established that an excluded defendant must demonstrate prejudice. (See, e.g., *People* v. *Price* (1991) 1 Cal.4th 324, 407-408 [3 Cal.Rptr.2d 106, 821 P.2d 610].) Appellant cannot show such prejudice on this record because no testimony was presented at the hearing, and the matter was simply submitted on the expert's opinion. Appellant's presence alone could not have affected the outcome. (*Ibid.*)

It appears appellant's real complaint is not merely that he was excluded from the hearing, but that his attorney proceeded to prove his incompetence without affording appellant the opportunity to testify in support of his claim that he was competent. We would agree with appellant that, at a minimum, when defense counsel seeks to prove defendant's incompetence

over his or her objection, and the defendant expresses the desire to testify that he or she is competent, counsel should permit defendant to so testify, unless the court separately determines that the defendant is incompetent to do so. This procedure was approved in *People* v. *Bolden* (1979) 99 Cal.App.3d 375 [160 Cal.Rptr. 268].[4]

In reaching the conclusion that counsel may prove defendant's incompetence against defendant's wishes, the court in *Bolden* relied in part on the broad language in *People* v. *Hill, supra,* 67 Cal.2d 105, to the effect that an attorney who doubts his client's competence "may assume his client cannot act in his own best interests and may act even contrary to the express desires of his client." (*People* v. *Bolden, supra,* 99 Cal.App.3d at pp. 379-380.) The court in *People* v. *Mickle, supra,* 54 Cal.3d at pages 183-184, in dicta, indirectly questioned this sweeping language, which was repeated in *People* v. *Samuel, supra,* 29 Cal.3d 489, by noting that *Samuel* did not address the effect of the presumption of competence set forth in Penal Code section 1369, subdivision (f). (See *People* v. *Medina* (1990) 51 Cal.3d 870, 881-885 [274 Cal.Rptr. 849, 799 P.2d 1282], affd. *Medina* v. *California* (1992) 505 U.S. __ [120 L.Ed.2d 353, 112 S.Ct. 2572].)

We agree with the basic holding in *Bolden* that defense counsel does not provide ineffective assistance of counsel or violate the defendant's due process rights by seeking to prove the defendant's incompetence over the defendant's objections. It is unnecessary, however, to premise trial counsel's duty to initiate Penal Code section 1368 proceedings upon any presumption that the defendant is in fact incompetent that may conflict with the presumption of competence set forth in Penal Code section 1369. The determination of the defendant's competence to stand trial goes to the fundamental integrity of the court's proceedings; and once the court declares a doubt exists, a section 1368 hearing must be held and defendant may not waive a hearing. (See also *People* v. *Marks* (1988) 45 Cal.3d 1335 [248 Cal.Rptr. 874, 756 P.2d 260].) Often knowledge of facts calling into question defendant's competence are exclusively within the defense counsel's knowledge. (*People* v. *Medina, supra,* 51 Cal.3d at p. 885.) If counsel were compelled to accede

---

[4]In that case the court held that it was not ineffective assistance of counsel or a due process violation for a defense attorney to prove the defendant's incompetence over his or her objection. The court also implicitly approved defense counsel's solution to the dilemma caused by the conflict between counsel and client, which was to permit the defendant to testify in support of his contention that he is competent, but to then offer expert evidence of his incompetence. The record here, however, is devoid of any assertion by appellant of the desire or intent to testify on his own behalf at the Penal Code section 1368 hearing. In such a case the appropriate procedure would be to proceed by way of a writ of habeas corpus. No purpose would be served by such a proceeding in this case, however, because the commitment order has already expired.

to defendant's desire not to initiate section 1368 proceedings, even though counsel has a bona fide doubt as to the defendant's competence, the court might never be informed that the defendant's competence is in issue, and the result could be that the defendant's due process rights are violated (see *Pate* v. *Robinson* (1966) 383 U.S. 375, 377 [15 L.Ed.2d 815, 817-818, 86 S.Ct. 836]). Defense counsel's ultimate responsibility to his client is to ensure that those due process rights are not violated. It would place defense counsel and the integrity of the criminal justice system in an impossible position to suggest that defense counsel must ignore his or her bona fide doubt as to the defendant's present competence, simply because the defendant is personally confident that he or she is competent.

"The purpose of [a Penal Code section 1368] proceeding is different from [an LPS Act 'grave disability' conservatorship or a mentally disordered sex offender proceeding] . . . in that protection of society in general is not a consideration for the section 1368 inquiry. The law seeks *only to protect* the accused. It is unfair to subject any defendant to criminal prosecution when he cannot understand the nature of the charges pressed against him or cannot assist in his own defense. Even when a defendant resists this protection by opposing the evidence of incompetency, it would be unfair to deny him the benefit of treatment for his condition before subjecting him to a potential loss of life or liberty in the criminal proceeding." (*People* v. *Bye, supra,* 116 Cal.App.3d at p. 576.) Due process requires that any doubt regarding the defendant's competence be examined and evaluated by experts before proceeding with trial. In this case the court itself declared that a doubt existed as to appellant's competence, and thereafter appellant could not waive a hearing on his competence. (See, e.g., *People* v. *Marks, supra,* 45 Cal.3d at pp. 1340-1343; *People* v. *Hale* (1988) 44 Cal.3d 531, 540-542 [244 Cal.Rptr. 114, 749 P.2d 769].)

IV.

*Necessity of Appointing Two Psychiatrists*

Appellant contends that the court erred in failing to appoint a second psychiatrist pursuant to Penal Code section 1369, subdivision (a). That section provides that: "A trial by court or jury of the question of mental competence shall proceed in the following order: [¶] (a) The court shall appoint a psychiatrist or licensed psychologist, and any other expert the court may deem appropriate, to examine the defendant. *In any case where the defendant or the defendant's counsel informs the court that the defendant is not seeking a finding of mental incompetence, the court shall appoint two psychiatrists, licensed psychologists, or a combination thereof. . . .*" (Italics

added.) This section does not expressly address the circumstance where a defendant personally claims he is competent, yet his counsel seeks a finding of incompetence, and we have found no decision applying it in that context. However, the fact that the statute provides that two experts must be appointed when "the defendant *or* defendant's counsel" states that defendant is *not* seeking a finding of incompetence suggests that this type of situation is encompassed by the statute. (See, e.g., *People* v. *Skeirik, supra,* 229 Cal.App.3d 444.) The appointment of two experts in such circumstances provides a minimum protection for the defendant against being incorrectly found incompetent to stand trial.

The court, however, is not required to appoint two experts unless defendant or defense counsel *informs the court* that the defendant is not seeking a finding of mental incompetence. Whether the trial court here was so informed is a close question in light of appellant's refusal even to be arraigned once the court raised the issue of competence. In light of the fact that the commitment order has expired, it is unnecessary to resolve the question whether the defendant, in this case, had informed the court that he was not seeking a finding of incompetence.

## CONCLUSION

We have addressed the foregoing issues for the purpose of providing guidance to the courts and parties. No purpose would be served by vacating the expired commitment order.[5] We therefore affirm.

Strankman, P. J., and Newsom, J., concurred.

A petition for a rehearing was denied April 27, 1993.

---

[5]Indeed, because the commitment order has expired, this court has not decided whether any of the errors that may have occurred would have required reversal.