50 Cal.Rptr.3d 913 (2006)
144 Cal.App.4th 1132
The PEOPLE, Plaintiff and Respondent,
v.
Tony Lee ALLEN, Defendant and Appellant.
No. E039518.
Court of Appeal of California, Fourth District, Division Two.
November 16, 2006.
*914 Christopher Blake, San Diego, under appointment by the Court of Appeal, for Defendant and Appellant.
*915 Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Senior Assistant Attorney General, Jeffrey J. Koch, Deputy Senior Assistant Attorney General, and Steve Oetting, Supervising Deputy Attorney General, for Plaintiff and Respondent.

OPINION
GAUT, J.
Defendant Tony Lee Allen appeals from an order of recommitment after a jury determined he remains a sexually violent predator (SVP) under the Sexually Violent Predator Act (SVPA). (Welf. & Inst.Code, § 6600 et seq.)[1] Defendant challenges the order on the sole ground that he was deprived of his constitutional right to testify on his own behalf at his SVP trial.
We conclude defendant did not have a constitutional right to testify over his attorney's objection because the SVP proceedings are special proceedings of a civil nature and his attorney could waive his right to testify on the ground doing so would be harmful to defendant's defense. We affirm the order of recommitment.

1. Factual and Procedural Background

On November 29, 2004, the San Bernardino County District Attorney's Office filed a petition seeking to recommit defendant to the Department of Mental Health (Department) on the ground that he remained an SVP within the SVPA.
Defendant's two predicate offenses occurred in 1990. In both crimes, defendant entered the victims' cars as the women were in or getting in their cars and he told them to drive to a secluded location where he raped and/or sodomized them.
During the SVP recommitment trial, three mental health experts testified. The experts were psychologists and had examined defendant. Psychologist Robert Owen, Ph.D., testified that, according to the police reports, in addition to the two predicate offenses, defendant also committed three other similar sexual assaults in 1989 but was never convicted of the offenses. In addition, on several occasions defendant had made inappropriate sexual overtures to staff members at Atascadero State Hospital.
Owen diagnosed defendant as suffering from paraphilia (sexual deviancy), with psychopathic and psychotic disorders, and concluded he posed a substantial risk of reoffending.
Psychologist Shoba Sreenivasan, Ph.D., agreed defendant suffered from paraphilia and was severely psychopathic. He also exhibited cocaine dependence and a personality disorder, with antisocial traits. In addition, he was sexually very impulsive. Sreenivasan also agreed that defendant posed a very high risk of reoffending. According to Sreenivasan, a study of SVPs with similar ratings from 1989 to 1990 showed a 100 percent recidivism rate.
Atascadero State Hospital staff psychologist, Jackson Rowland, Ph.D., diagnosed defendant with paraphilia with a desire for nonconsensual sex. Rowland testified that defendant had an erotomanical delusion that women were strongly attracted to him. Defendant had made no progress in his treatment and had refused to take various medications intended to deal with his delusions about female staff members. He therefore still presented a danger and should not be released.
Defendant did not present any evidence on his behalf. However, during the SVP trial, his attorney informed the court that defendant wished to testify over his attorney's objection. Defense counsel stated *916 that defendant intended to testify (1) that his victims consented to the charged and noncharged offenses; (2) that he refused to take medication to treat his disorder when he did not understand the potential side effects of the medication; and (3) that, as to the reported incidents of his alleged inappropriate sexual behavior at Atascadero, the staff was flirting with him and making advances toward him.
The trial court stated that defendant's testimony that the victims consented would be excluded as irrelevant to the issue of recommitment. As to the other proposed testimony, the court stated that it would be counterproductive to defendant's defense.
Defendant informed the court that he wanted to testify even though his attorney advised against it. The trial court responded that since the proceedings were not criminal in nature, but rather quasi-civil, it would defer to defense counsel's recommendation. Defense counsel stated that he believed defendant's testimony would be counterproductive and therefore he should not testify. The court thus excluded defendant's testimony, explaining that the court believed it would not be in defendant's best interest to testify.
A jury found that defendant was a sexually violent predator and the court ordered him recommitted for a period not to exceed two years.

2. The Right to Testify at an SVP Trial

Defendant contends the trial court violated his constitutional right to testify at his SVP recommitment trial. Defendant argues that he had the right to override his attorney's decision to exclude defendant's testimony. This appears to be an issue of first impression.
SVPA proceedings have been characterized as special proceedings that are civil in nature. (Hubbart v. Superior Court (1999) 19 Cal.4th 1138, 1142, 1171-1172, 81 Cal.Rptr.2d 492, 969 P.2d 584; see also Bagration v. Superior Court (2003) 110 Cal.App.4th 1677, 3 Cal.Rptr.3d 292, People v. Rowell (2005) 133 Cal. App.4th 447, 450-451, 34 Cal.Rptr.3d 843, and Kansas v. Hendricks (1997) 521 U.S. 346, 370-371, 117 S.Ct. 2072, 138 L.Ed.2d 501 (Hendricks).) A special proceeding, which is neither an action in law nor a suit in equity, refers to a proceeding initiated independently of a pending action by petition or motion that seeks to obtain special relief. (People v. Superior Court (Cheek) (2001) 94 Cal.App.4th 980, 988, 114 Cal. Rptr.2d 760.) The SVPA is civil in nature because of its express purpose to treat the sick, rather than to punish the guilty. (Welf. & Inst.Code, § 6250; People v. Vasquez (2001) 25 Cal.4th 1225, 1232, 108 Cal. Rptr.2d 610, 25 P.3d 1090.) The SVPA was enacted for the purpose of protecting the public and treating mentally disordered individuals who are incapable of controlling their sexually violent behavior. (Hubbart, supra, at pp. 1171-1172, 81 Cal. Rptr .2d 492, 969 P.2d 584.)
Because the California SVPA is not punitive in intent, purpose or effect, in Hubbart v. Superior Court (1999) 19 Cal.4th 1138, 81 Cal.Rptr.2d 492, 969 P.2d 584, the California Supreme Court rejected the defendant's ex post facto, double jeopardy, and cruel and unusual punishment constitutional challenges to the SVPA. (Id, at pp. 1171-1174, 81 Cal.Rptr.2d 492, 969 P.2d 584.) Similarly, in People v. Beeson (2002) 99 Cal.App.4th 1393, 122 Cal.Rptr.2d 384, we held that on a petition for continued treatment under the mentally disordered offender (MDO) provision, Penal Code section 2972, "a trial court is not required to instruct the jury to presume that the defendant is not an MDO for purposes of that proceeding" because MDO proceedings *917 are "civil and nonpunitive" in nature. (Id. at pp. 1409, 1411, 122 Cal.Rptr.2d 384; People v. Cosgrove (2002) 100 Cal.App.4th 1266,1273,123 Cal.Rptr.2d 535.)
We explained in Beeson that "a defendant in an MDO proceeding, despite the statutorily required proof beyond a reasonable doubt standard, does not have a constitutional right to the additional procedural safeguards generally reserved for criminal defendants, including a presumption-of-innocence instruction." (People v. Beeson, supra, 99 Cal.App.4th at p. 1404, 122 Cal.Rptr.2d 384; see also People v. Cosgrove, supra, 100 Cal.App.4th at p. 1273,123 Cal.Rptr.2d 535.)
While courts have afforded defendants in SVP and MDO proceedings some constitutional protections, "courts have retreated from extending procedural rights that usually are reserved for criminal defendants to defendants in civil commitment proceedings." (People v. Beeson, supra, 99 Cal. App.4th at p. 1408, 122 Cal.Rptr.2d 384.)
Even though the SVP proceedings are not criminal and the SVPA does not expressly provide that defendant has a right to testify during SVP proceedings, this does not completely dispose of defendant's due process challenge. Defendant argues that despite the SVP proceeding being civil in nature, the Fifth and Fourteenth Amendments' guarantees of due process nevertheless entitle him to testify at his SVP trial. (Allen v. Illinois (1986) 478 U.S. 364, 374, 106 S.Ct. 2988, 92 L.Ed.2d 296.)
In Allen, involving proceedings under Illinois's Sexually Dangerous Persons Act, the court concluded that the due process privilege against self-incrimination was not implicated when the court ordered defendant in an SVP proceeding to participate in a psychiatric examination. During the examination, the defendant was questioned about his mental health, and his statements were relied on by experts testifying at the defendant's SVP trial. The Allen court reasoned that the self-incrimination privilege did not in any way advance the reliability of a finding as to sexual dangerousness. Rather, invoking the privilege would tend to decrease the reliability of the factfinding process. The court in Allen thus concluded due process does not independently require application of the self-incrimination privilege in SVP proceedings because the privilege has no place among the procedural safeguards designed to enhance the reliability of the factfinding process in SVP proceedings. (Allen v. Illinois, supra, 478 U.S. at p. 375, 106 S.Ct. 2988.)
In People v. Otto (2001) 26 Cal.4th 200, 109 Cal.Rptr.2d 327, 26 P.3d 1061, an SVP case, the California Supreme Court likewise rejected the defendant's due process challenge to the admission of multiple hearsay documentary evidence, consisting of the victim's statements contained in a presentence report. The court explained that, "Because civil commitment involves a significant deprivation of liberty, a defendant in an SVP proceeding is entitled to due process protections. [Citation.]" (Otto, supra, 26 Cal.4th at p. 209, 109 Cal.Rptr.2d 327, 26 P.3d 1061; see also People v. Fraser (2006) 138 Cal.App.4th 1430, 1446, 42 Cal.Rptr.3d 424.) Nevertheless, admissions of the hearsay evidence did not violate the defendant's right to due process in Allen because the hearsay statements possessed sufficient indicia of rehability to satisfy due process. In concluding there was no due process violation, the Otto court considered the following factors: "(1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; (3) the *918 government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail; and (4) the dignitary interest in informing individuals of the nature, grounds, and consequences of the action and in enabling them to present their side of the story before a responsible government official." (Otto, supra, at p. 210, 109 Cal.Rptr.2d 327,26P.3d 1061.)
In considering these factors, the Otto court concluded as to the first factor that the defendant's private interest would be affected, as is the case here: "The private interests that will be affected by the official action are the significant limitations on Otto's liberty, the stigma of being classified as an SVP, and subjection to unwanted treatment." (People v. Otto, supra, 26 Cal.4th at p. 210, 109 Cal.Rptr.2d 327, 26 P.3d 1061.)
As to the second factor, which concerns the risk of an erroneous deprivation of a defendant's interests, the Otto court stated that the evidence in question (the hearsay statements) "must contain special indicia of reliability to satisfy due process." (People v. Otto, supra, 26 Cal.4th at p. 210, 109 Cal.Rptr.2d 327, 26 P.3d 1061.) In Otto the court concluded the statements contained in a presentence report possessed sufficient indicia of reliability to satisfy due process. (Id. at p. 211, 109 Cal.Rptr.2d 327, 26 P.3d 1061.)
In the instant case, the reliability of defendant's testimony is highly questionable. Not only was there strong incentive for him to fabricate but, in addition, defendant's own attorney advised defendant against testifying, thus indicating that his testimony would not be beneficial to defendant's defense. Defendant further lacked credibility as a witness. His proffered testimony was not believable, i.e., that his victims consented to the sexual acts and Atascadero staff members were flirting with him. Defendant's testimony had little if any probable value as an additional safeguard against the erroneous deprivation of his private interests affected by SVP proceedings.
As to the third factor, in Otto, the court concluded there was a strong government interest in allowing the victim's hearsay statements because without them, in cases where the defendant pled guilty or the victim's testimony did not establish the details of the offense, the state would never be able to meet its burden in an SVP proceeding.
Here, the government had a strong interest under the SVPA, not only "in protecting the public from those who are dangerous and mentally ill" (People v. Otto, supra, 26 Cal.4th at p. 214, 109 Cal. Rptr.2d 327, 26 P.3d 1061), but also in providing "`treatment' to mentally disordered individuals who cannot control sexually violent criminal behavior." (People v. Vasquez (2001) 25 Cal.4th 1225, 1232, 108 Cal.Rptr.2d 610, 25 P.3d 1090.) Allowing defendant to testify at his SPV trial, over his attorney's objection, impeded these objectives by interfering with defense counsel's ability to control defendant's defense and provide the most effective, forthright defense possible. Here, defendant's attorney determined that it was not in defendant's best interest to testify, perhaps because defendant was likely to perjure himself or say something counterproductive.
The Otto court also concluded the fourth factor did not favor excluding the defendant's hearsay statements on due process grounds. Here, allowing defendant to testify was not necessary to protect his dignitary interest in the SVP proceeding. Excluding his testimony in no way impeded his interest in being informed of the nature, grounds, and consequences of the *919 SVP proceeding. However, it did prevent him from personally telling his side of the story. Yet his attorney and the court believed that giving defendant the opportunity to do so was not advisable because it was likely to be counterproductive. Furthermore, defendant had ample opportunity to tell his version in the underlying criminal proceedings and during his psychological examinations, as well as through his attorney, cross-examination of witnesses, and presenting his own witnesses.
The court in Fraser similarly reached this result in considering the defendant's contention that he had a constitutional right to self-representation during SVP proceedings. In People v. Fraser, supra, 138 Cal.App.4th 1430, 42 Cal.Rptr.3d 424, several months before the defendant's SPV trial, the defendant brought a motion for self-representation because he felt he could represent himself better than his attorney could. The trial court denied the motion. The Fraser court held the trial court did not commit reversible error by denying the motion because there was no constitutional right to self-representation in SPV proceedings under either Faretta v. California (1975) 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, or the Fourteenth Amendment Due Process Clause. (Fraser, supra, at p. 1444, 42 Cal.Rptr .3d 424.)
The Fraser court explained that the right to self-representation under Faretta, premised on the Sixth Amendment right to defend oneself, only applies in criminal proceedings. Since SPV proceedings are not criminal, Faretta is inapplicable and there is no Sixth Amendment right to self-representation. (People v. Fraser, supra, 138 Cal.App.4th at pp. 1445-1446, 42 Cal. Rptr.3d 424.)
In addressing whether the defendant had a due process right to self-representation under the Fourteenth Amendment Due Process Clause, the Fraser court considered the four factors enumerated in Otto and concluded that "there is no constitutional right to self-representation in SVPA proceedings under the Due Process Clause." (People v. Fraser, supra, 138 Cal. App.4th at p. 1449, 42 Cal.Rptr.3d 424.) As to the first factor, the Fraser court concluded, consistent with Otto, that the defendant's private interests in liberty, reputation, and freedom from unwanted treatment were affected by the SPV proceedings. This factor thus weighed in favor of finding a due process right to self-representation.
The court also found that the third factor, the government's interest in SVP proceedings weighed in favor of finding a due process right to self-representation "because self-representation is unlikely to place a significant fiscal or administrative burden on the government or potentially impede the government's interest in protecting the public." (People v. Fraser, supra, 138 Cal.App.4th at p. 1448, 42 Cal. Rptr.3d 424.)
The other two factors, the Fraser court concluded, weighed against finding a constitutional right to self-representation. As to the second factor, the court concluded "it is well established that self-representation does not `further the fairness or accuracy of the proceedings.'" (People v. Fraser, supra, 138 Cal.App.4th at p. 1447, 42 Cal.Rptr.3d 424, quoting Conservatorship of Joel E. (2005) 132 Cal.App.4th 429, 438, 33 Cal.Rptr.3d 704.)
The Fraser court's reasoning concerning the fourth factor is particularly germane to the instant case because the rights to self-representation and defendant testifying both concern the defendant's dignitary interest in telling his side of the story. In Fraser, the court concluded this factor did not weigh in favor of finding a due process right to self-representation because "self-representation is not necessary to protect *920 the defendant's dignitary interest in an SVPA proceeding. The SVPA contains built-in procedural safeguards to protect the dignitary interest, which include the commencement of the proceedings by a petition supported by the concurring opinions of two psychologists (§ 6604.1, subd. (b)); the right to have access to relevant medical and psychological reports and records (§ 6603, subd. (a)); the right to retain experts to perform an examination (§ 6603, subd. (a)); the right to a probable cause hearing (§ 6602, subd. (a)); and the right to a jury trial (§ 6604.1, subd. (b)); and the right to be present at the hearing (§ 6605, subd. (c)). [¶] The SVPA also provides for the right to counsel at section 6603, subdivision (a). Accordingly, self-representation is not necessary for a defendant to be informed about the SPVA proceeding or to preserve the ability to tell his or her side of the story, since these rights can be protected by counsel." (People v. Fraser, supra, 138 Cal.App.4th at pp. 1448-1449, 42 Cal.Rptr.3d 424.) Likewise, in the instant case defendant's testimony is not necessary in this regard.
Here, in considering the four factors as a whole, we conclude defendant does not have a constitutional right to testify in an SPV proceeding over his attorney's objection under the Due Process Clause.
Defendant's reliance on Kelly v. New West Federal Savings (1996) 49 Cal. App.4th 659, 677, 56 Cal.Rptr.2d 803, In Re Waite's Guardianship (1939) 14 Cal.2d 727, 730, 97 P.2d 238 (Waite), and Caldwell v. Caldwell (1962) 204 Cal.App.2d 819, 821, 22 Cal.Rptr. 854, for the proposition he had a constitutional due process right to testify, is misplaced. These cases are inapposite because they are not SVP or MDO cases and do not involve a party who seeks to testify or admit evidence over the objection of his or her attorney. Rather, the litigants' attorneys favored admission of the excluded testimony.
In Waite, the trial court excluded testimony from the appellant during her guardianship hearing in which the court found the appellant incompetent. The trial court refused to consider any evidence other than medical evidence. On appeal, the court in Waite held that the appellant had a fundamental right to testify at her competency hearing. The court stated: "It is difficult to conceive of a situation in which a party has a greater right to, or need for, his own testimony than in the type of proceeding considered here." (Waite, supra, 14 Cal.2d at p. 730, 97 P.2d 238.)
The instant case, however, does not involve a guardianship hearing in which the sole objective is to protect the appellant. More importantly, in Waite, the appellant's attorney did not object to the appellant testifying. Rather, the appellant's attorney persistently attempted to persuade the court to allow his client to testify. Furthermore, there is no discussion in Waite as to the nature of the "right" to testify, such as whether it is constitutionally or statutorily based.
In Kelly v. New West Federal Savings, supra, 49 Cal.App.4th 659, 56 Cal.Rptr.2d 803, a personal injury case, the plaintiff challenged the trial court's order excluding her elevator expert's testimony on the ground there was a lack of foundation for the expert's conclusions. On appeal, the Kelly court held the trial court erred in excluding the testimony because there was insufficient notice that the defendant was seeking an order that plaintiffs expert could not testify at all. (Kelly, supra, at p. 677, 56 Cal.Rptr.2d 803.) Such error, the court concluded, resulted in denying the plaintiff a fair hearing and thus constituted error which is reversible per se. The Kelly court stated: "[W]here the error results in denial of a fair hearing, the error is *921 reversible per se. Denying a party the right to testify or to offer evidence is reversible per se." (Kelly, supra, at p. 677, 56 Cal.Rptr.2d 803.)
In the instant case, excluding defendant's testimony did not deprive defendant of a due process right to a fair hearing. Unlike in Kelly, here, defendant's attorney objected to defendant testifying because it would be counterproductive.
In Caldwell v. Caldwell supra, 204 Cal. App.2d at p. 821, 22 Cal.Rptr. 854, a divorce proceeding in which the wife sought increased child support, the court denied the wife's requests to testify at trial. The Caldwell court concluded the trial court committed prejudicial error in refusing to permit the wife to testify as to the child's needs. (Ibid.) The court in Caldwell does not cite any authority supporting these conclusions.
The instant case involves entirely different circumstances. As with all the cases relied on by defendant, the appellant's attorney in Caldwell did not advocate excluding the appellant's testimony because it would be detrimental to the appellant's defense. Here, defendant's attorney objected to defendant testifying.
Defendant's reliance on People v. Harris (1993) 14 Cal.App.4th 984, 18 Cal. Rptr.2d 92, and People v. Bolden (1979) 99 Cal.App.3d 375, 160 Cal.Rptr. 268, likewise is misguided. In Harris, supra, a Penal Code section 1368 competency proceeding, the defendant complained that he was deprived of the opportunity to testify during a competency hearing. The court in Harris stated that, when the defendant's competency is at issue and the defendant expresses a desire to testify that he is competent, counsel should permit the defendant to testify, unless the court concludes the defendant is incompetent to do so. (Harris, supra, at p. 994, 18 Cal. Rptr.2d 92.)
Harris cites Bolden for the proposition a defendant's counsel may prove a defendant's incompetence against the defendant's wishes. (People v. Harris, supra, 14 Cal.App.4th at p. 994, 18 Cal.Rptr.2d 92.) In People v. Bolden, supra, 99 Cal. App.3d 375, 160 Cal.Rptr. 268, also a competency proceeding, in which the defendant claimed he was competent and his attorney argued he was not, the court agreed the defendant should be permitted to testify regarding his competency.
Bolden and Harris are distinguishable in that they do not involve SVP proceedings.[2] More importantly, the courts in Bolden and Harris did not address the issue of whether the defendant had a due process right to testify over the objection of counsel. Counsel did not object to the defendants testifying. In Harris, the defendant was excluded from the competency hearing because of his disruptive behavior and his attorney waived defendant's presence. Defendant did not request to testify. (People v. Harris, supra, 14 Cal. App.4th at p. 994, fn. 4, 18 Cal.Rptr.2d 92.)
In People v. Bolden, supra, 99 Cal. App.3d 375, 160 Cal.Rptr. 268, the defendant's attorney suggested defendant be permitted to testify as a way of addressing the conflict between the defendant's position that he was competent and his attorney's contrary position that defendant was incompetent. Here, there was no conflict between defendant's and his attorney's position. They both took the position that defendant should not be recommitted. *922 Defendant's attorney simply believed that allowing defendant to testify would not further defendant's position and thus should be excluded.
Even assuming defendant had a right to testify at his SVP trial, that right could be waived by his attorney. (People v. Rowell, supra, 133 Cal.App.4th at pp. 453-454, 34 Cal.Rptr.3d 843; People v. Montoya (2001) 86 Cal.App.4th 825, 829, 103 Cal.Rptr.2d 579; People v. Harris, supra, 14 Cal.App.4th at p. 992, 18 Cal. Rptr.2d 92.) In Bolden, the court acknowledged that "Diligent advocacy does not require an attorney to blindly follow every desire of his client. An attorney can ordinarily make binding waivers of many of his client's rights as to matters of trial tactics [citation]. When the attorney doubts the present sanity of his client, he may assume his client cannot act in his own best interests and may act even contrary to the express desires of his client [citation]. To do otherwise may cause prejudicial error [citation]." (People v. Bolden, supra, 99 Cal.App.3d at pp. 379-380,160 Cal.Rptr. 268.)
The courts in Rowell, an SVP recommitment proceeding, and in People v. Montoya, supra, 86 Cal.App.4th 825, 103 Cal. Rptr.2d 579, an MDO case, noted that, although in a criminal proceeding, a defendant's federal constitutional right to a jury trial may be waived only by defendant, such is not the case in SVP and MDO proceedings. This is because SVP and MDO proceedings are not criminal. The courts in Rowell and Montoya thus concluded that, unlike in criminal proceedings, the defendant's attorney could waive the right to a jury trial on behalf of his client. (Id. at pp. 831-832, 103 Cal.Rptr.2d 579; see also People v. Beeson, supra, 99 Cal. App.4th at p. 1407, 122 Cal.Rptr.2d 384.)
Likewise, in the instant case defendant did not have a right to testify over the objection of his attorney under the federal Constitution. His attorney could waive defendant's right to testify at his SVP trial.
Even if the trial court erred in not permitting defendant to testify over his attorney's objection, any error was harmless under either People v. Watson (1956) 46 Cal.2d 818, 834, 299 P.2d 243 or Chapman v. California (1967) 386 U.S. 18, 24, 87 S.Ct. 824,17 L.Ed.2d 705.
In this case, the evidence demonstrating that defendant was an SVP was extremely strong. There was overwhelming evidence that defendant was "a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (Welf. & Inst.Code, § 6600, subd. (a)(1).) Three medical experts testified defendant suffered from paraphilia (sexual deviancy), with psychopathic and psychotic disorders, and concluded he posed an extremely high risk of reoffending.
It is highly unlikely that defendant's testimony would have had any favorable impact on the outcome. Therefore based on the overwhelming evidence, we conclude that, if there was any error in excluding defendant's testimony, it was harmless under any standard.

3. Disposition

The judgment is affirmed.
We concur: RAMIREZ, P.J., and HOLLENHORST, J.
NOTES
[1] Unless otherwise noted, all statutory references are to the Welfare & Institutions Code.
[2] SVP proceedings differ from competency proceedings in that in competency proceedings "`protection of society in general is not a consideration for the section 1368 inquiry. The law seeks only to protect the accused.'" (People v. Harris, supra, 14 Cal.App.4th at p. 995. 18 Cal.Rptr.2d 92.)