[No. H025098. Sixth Dist. July 3, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES HOWARD JERNIGAN, Defendant and Appellant.

## COUNSEL

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Catherine A. Rivlin and Ross C. Moody, Deputy Attorneys General, for Plaintiff and Respondent.

Jean F. Matulis, under appointment by the Court of Appeal, for Defendant and Appellant.

## OPINION

**PREMO, J.**—The trial court found defendant James Howard Jernigan incompetent to stand trial and committed him to the State Department of Mental Health. Defendant contends that he is competent. Defendant argues that because his attorney sought to prove his incompetence the trial court should have appointed a second attorney to argue in favor of competency. Defendant also contends that he was denied due process of law because he was not present at the competency hearing and there is no evidence that he personally waived his right to be there. We find no prejudicial error and affirm.

### A. FACTS

Defendant was charged with failure to register as a sex offender. (Pen. Code, § 290.)[1] The trial court assigned an attorney to represent him. A few months after she was appointed, counsel began to have doubts about her client's mental health. Her concern was based upon a series of letters and voicemails defendant had sent to her as well as her personal observations of him during a visit at the jail. Counsel requested and was granted an order to have defendant evaluated to determine whether or not to change his plea to not guilty by reason of insanity. (§ 1017.) David F. Berke, Ph.D., interviewed defendant twice. Dr. Berke found that although defendant's function was not apparently bizarre or odd he did suffer from a mental condition that made him unable to assist his attorney in his own defense.

Counsel raised the issue of defendant's competence at the same time defendant requested a *Marsden*[2] hearing. The court heard both matters in camera. Counsel described several circumstances that caused her to doubt defendant's competence. Defendant argued for substitution of counsel. The court denied defendant's request and agreed with his attorney that there was doubt as to defendant's competence.

Proceeding on the record the trial court noted: "I have observed [defendant] in the courtroom. I have also listened to the things that have been said by counsel and I have also had the opportunity to review the motion for substitution of counsel and also to talk to [defendant] concerning that motion. [¶] ... All of these things have caused a doubt to arise in my mind about the defendant's present mental competence." The court appointed two doctors to examine defendant and set the date and time for the competency hearing.

---

[1] Hereafter all statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44].

Referring to the competency hearing the court informed defendant that he had "the right to see, hear and confront the witnesses and evidence presented against you" and to "present evidence on your own behalf." The court told defendant he had a right to counsel and that based upon the court's finding on the *Marsden* motion his current attorney would continue to represent him.

Defendant asked if he could ask questions and the court warned him that anything he said might be used against him. Defendant responded: "I don't care. I'm not going to cooperate with the doctors. I'm not going to cooperate with [my attorney]. She is lying about me."

As he promised, defendant refused to speak with the doctors. On the day of the competency hearing, counsel appeared but defendant did not. Counsel waived defendant's appearance and submitted the issue on the reports, which included Dr. Berke's evaluation and a brief report from another examiner citing defendant's refusal to cooperate. The court found defendant incompetent to stand trial and committed him to the California Department of Mental Health.

## B.   DISCUSSION

### 1.   *Appointment of a Second Defense Attorney.*

█ A criminal defendant must be competent to stand trial. "A defendant is mentally incompetent [to stand trial] if, as a result of mental disorder or developmental disability, the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner." (§ 1367, subd. (a).) If the trial court entertains any doubt as to the mental competence of a defendant, and the defendant's attorney concurs in that doubt, the court must recess proceedings and order that a hearing be held to determine whether the defendant, is competent to proceed. (§ 1368, subds. (a), (b).)

Defendant argues that the results of his competency hearing are invalid because he did not have a second attorney to assist him in opposing the commitment. We disagree.

█ The fact that counsel and her client differed on the central issue of defendant's competency does not raise an actual conflict requiring the appointment of a second attorney. Once the judge has declared a doubt sufficient to require a section 1368 hearing, a defendant's attorney necessarily plays a much greater role in making fundamental choices for her client. (*People v. Samuel* (1981) 29 Cal.3d 489, 495 [174 Cal.Rptr. 684, 629 P.2d 485].) It is immaterial that the defendant expressly objects to the course his

counsel chooses. To permit a prima facie incompetent defendant to veto counsel's decision to argue that the client is incompetent would increase the danger that the defendant would be subjected to criminal proceedings when he or she is unable to assist counsel in a rational manner. (See *Shephard v. Superior Court* (1986) 180 Cal.App.3d 23, 30 [225 Cal.Rptr. 328].) Therefore, "[w]hether or not the client objects, counsel must be allowed to do what counsel believes is best in determining the client's competence." (*People v. Masterson* (1994) 8 Cal.4th 965, 973 [35 Cal.Rptr.2d 679, 884 P.2d 136].)

*People v. Stanley* (1995) 10 Cal.4th 764 [42 Cal.Rptr.2d 543, 897 P.2d 481], which defendant cites in support, is not to the contrary. In *Stanley*, the trial court appointed a second attorney and the defendant appealed on the ground that the procedure violated his right to due process because it resulted in two lawyers representing him in conflicting ways. (*Id.* at pp. 803-804.) The Supreme Court rejected the contention, concluding: "In appointing separate counsel to represent defendant's point of view, the trial court acted to resolve a conflict, not create one. In so doing it permitted the jury to hear every side of the issue of defendant's competence, thereby assuring defendant a fair trial. In the circumstances, defendant perhaps got more than he was entitled to. But we are unable to conclude he thereby was denied due process." (*Id.* at pp. 806-807, fns. omitted.) Thus *Stanley* did not hold that the practice of appointing a second defense counsel is required whenever a prima facie incompetent defendant contends that he or she is in fact competent to proceed. ▉ On the other hand, there is authority specifically holding that counsel does not provide ineffective assistance or violate defendant's due process rights by seeking to prove the defendant's incompetence over the defendant's objections. (See *People v. Harris* (1993) 14 Cal.App.4th 984, 995 [18 Cal.Rptr.2d 92]; *People v. Bolden* (1979) 99 Cal.App.3d 375, 380 [160 Cal.Rptr. 268].)[3]

Nor do we view the opposite positions of client and counsel in this case as a conflict bearing upon counsel's ability to represent her client. The sole purpose of competency proceedings is to protect the accused. (*People v. Bye* (1981) 116 Cal.App.3d 569, 576 [172 Cal.Rptr. 186].) Counsel's interest in seeking to prove that defendant is incompetent is presumably based upon her judgment that it is in his best interest to do so. Certainly there is nothing in the record to suggest otherwise. Thus, although there is a conflict between client and counsel as to how to proceed, there is no actual conflict affecting

---

[3] In *People v. Bolden, supra,* 99 Cal.App.3d at page 378, counsel's solution to the dilemma was to place his client on the witness stand and then to offer his own psychiatric witness who testified that the defendant was not competent to stand trial. We agree with *People v. Harris, supra,* 14 Cal.App.4th at pages 993-994, that such a procedure may be appropriate where the defendant has expressed the desire to testify that he or she is competent. In the present case, however, there is no evidence that defendant ever expressed such a desire.

counsel's ability to advocate for her client's best interests and no necessity to appoint an additional attorney to argue the opposite position.

### 2. *Defendant's Absence From the Hearing.*

We also reject defendant's contention that the trial court's failure to obtain his personal waiver of the right to be present at the hearing violated his right to due process. (U.S. Const., 14th Amend.) ■ The United States Constitution requires a criminal defendant to be present at those stages of trial in which his absence might frustrate the fairness of the proceedings. (*Faretta v. California* (1975) 422 U.S. 806, 819, fn. 15 [45 L.Ed.2d 562, 95 S.Ct. 2525].) Due process demands that a defendant be allowed to be present "to the extent that a fair and just hearing would be thwarted by his absence." (*Snyder v. Massachusetts* (1934) 291 U.S. 97, 108 [78 L.Ed. 674, 54 S.Ct. 330].) ■ However, it is also well settled that even " '[t]he most basic rights of criminal defendants are ... subject to waiver.' " (*New York v. Hill* (2000) 528 U.S. 110, 114 [145 L.Ed.2d 560, 120 S.Ct. 659].)

In the present case defendant was present when the trial judge set the date and time for the competency hearing, so he knew when it was to be held. The judge also expressly advised defendant that he had the right to hear the evidence presented against him and to present evidence on his own behalf. ■ There is no evidence that defendant was involuntarily excluded from the hearing or that he desired to testify on his own behalf. In fact, the evidence is just the opposite. Defendant vowed not to cooperate with either the mental health professionals or his lawyer and he actually refused to speak with the examining doctors. From these facts we may infer that defendant's absence was a result of his refusal to cooperate, an implied waiver. (See *Taylor v. United States* (1973) 414 U.S. 17, 20 [38 L.Ed.2d 174, 94 S.Ct. 194].) ■ Furthermore, it is well established that even an excluded defendant must demonstrate prejudice. (See, e.g., *People v. Price* (1991) 1 Cal.4th 324, 407–408 [3 Cal.Rptr.2d 106, 821 P.2d 610.) If there are facts to support the contention that defendant might not have been adjudicated incompetent had he been present at the hearing they do not appear in this ·record. No testimony was presented at the hearing and the matter was simply submitted on the psychologists' reports. The record was unequivocal in support of the position that defendant was incompetent. Defendant's refusal to speak with two of the doctors appointed to examine him supports the opinion of the first examiner that defendant was unable to assist in his own defense. On this record we are bound to conclude that defendant's presence at the hearing could not have affected the outcome.

## C. DISPOSITION

The judgment is affirmed.

Rushing, P. J., and Bamattre-Manoukian, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 24, 2003.