[No. E054646. Fourth Dist., Div. Two. Oct. 26, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
TRACY DEANN SALTER, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part IV.

## Counsel

Ron Boyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood, Marvin E. Mizell and Marissa A. Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CODRINGTON, J.—**

## I

## INTRODUCTION

Defendant Tracy DeAnn Salter struck and killed a bicyclist with her car and fled the scene. She was charged with hit and run causing death (Veh. Code, § 20001, subd. (a); count 1) and vehicular manslaughter without gross negligence (Pen. Code, § 192, subd. (c)(2);[1] count 2). Defendant pled not guilty to the charges. During pretrial proceedings, defense counsel expressed a doubt as to defendant's competency. The trial court ordered defendant evaluated, held a competency hearing, and determined defendant incompetent to stand trial. Defendant appeals from the trial court's orders suspending criminal proceedings and committing her to a mental institution for up to three years.

Defendant contends she was denied her due process rights by depriving her of the opportunity to be heard on her competence. Specifically, that the trial court erred in not appointing a second attorney to represent her interest in not being committed to a mental institution, and by depriving her of the opportunity to confront and cross-examine witnesses. We reject defendant's contentions. Defendant's due process and confrontation rights were not violated. The trial court was not required sua sponte to appoint a second attorney to advocate defendant's conflicting interest in establishing her competency. We affirm the judgment.

## II

## FACTS[2]

On December 14, 2010, defendant struck a bicyclist riding in the bike lane as defendant was driving about 40 miles per hour, on Avenue 54, in La

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

[2] The facts are from the preliminary hearing, since there has been no trial because defendant was found incompetent to stand trial under section 1368.

Quinta. The bicyclist flew into the air. Without stopping, defendant sped away, leaving the bicyclist to die at the scene. A witness reported the incident. An officer pulled over defendant. Defendant, who was deaf, handed the officer a note stating that a man had pushed another man into her car. The note further stated, "I'm looking for you. I'm finding the police station." "I'm scared of the man, pushed the man."

## III

## PROCEDURAL BACKGROUND

During the pretrial proceedings, defense counsel moved for a mental health evaluation of defendant (Evid. Code, § 1017). The trial court granted the motion and appointed Dr. William Jones to examine defendant. Based on Dr. Jones's mental health evaluation and defense counsel's conversations with defendant, defense counsel doubted defendant's mental competence and therefore moved to suspend the criminal proceedings (§ 1368). The trial court appointed Dr. Robert Suiter to evaluate defendant's mental competence. The prosecution moved for a second evaluation of defendant's mental competence. The trial court granted the motion and appointed Dr. Craig Rath to evaluate defendant. Doctors Suiter and Rath both submitted reports concluding that defendant was not competent to stand trial.

During a hearing on defendant's competency on July 6, 2011, the trial court stated that defense counsel could argue defendant was mentally incompetent and waive defendant's trial rights, even over her objection. Defense counsel noted defendant wanted a hearing on the matter but defense counsel waived her trial rights. Defense counsel and the prosecutor stipulated to submit the matter on the two doctors' reports. The trial court reviewed the reports and found defendant mentally incompetent to stand trial under section 1368. The trial court ordered the criminal proceedings suspended and referred defendant to county mental health for a placement recommendation. On July 28, 2011, the trial court ordered defendant committed to Patton State Hospital for up to three years. The court also authorized involuntary administering of prescribed antipsychotic medication to defendant.

Defendant filed a notice of appeal of the order for commitment and mental incompetence entered on July 28, 2011 (the commitment order).

## IV

## CERTIFICATE OF PROBABLE CAUSE*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 769.

## V

## DUE PROCESS RIGHT TO COUNSEL AND
## CONFRONTATION

Defendant contends the trial court erred in not appointing a second attorney to represent her interest in not being committed to a mental institution. Defendant argues she was denied her constitutional due process rights to be heard, present evidence, and confront adverse witnesses.

■ The due process clause of the Fourteenth Amendment to the United States Constitution and state law prohibit the state from trying or convicting a criminal defendant while he or she is mentally incompetent. (*People v. Lewis* (2008) 43 Cal.4th 415, 524 [75 Cal.Rptr.3d 588, 181 P.3d 947].) California law provides that, "If counsel informs the court that he or she believes the defendant is or may be mentally incompetent, the court shall order that the question of the defendant's mental competence is to be determined in a hearing which is held pursuant to Sections 1368.1 and 1369. If counsel informs the court that he or she believes the defendant is mentally competent, the court may nevertheless order a hearing. Any hearing shall be held in the superior court." (§ 1368, subd. (b).)

Defendant argues that two constitutional interests were at stake during her section 1368 competency hearing: defendant's interest in not being tried while incompetent and her interest in not being committed to a state hospital while competent. Defendant's attorney declared a doubt as to defendant's competence in furtherance of her right not to be tried if incompetent and waived her right to a jury trial on the issue. Defendant complains she had no representation of her conflicting claim that she was competent.

■ We begin with the proposition a section 1368 competency hearing is a special proceeding governed generally by rules applicable to civil proceedings, in which there is no constitutional right to a jury trial. (*People v. Lawley* (2002) 27 Cal.4th 102, 131 [115 Cal.Rptr.2d 614, 38 P.3d 461]; *People v. Harris* (1993) 14 Cal.App.4th 984, 991–992 [18 Cal.Rptr.2d 92] (*Harris*).) The right to a jury determination of competency is statutory. (*Lawley*, at p. 131.) "[T]hus, counsel may effectively waive it without a personal waiver from the defendant." (*Ibid.*; see *People v. Masterson* (1994) 8 Cal.4th 965, 967, 971–973 [35 Cal.Rptr.2d 679, 884 P.2d 136] (*Masterson*).)

In addition, " '[I]n both civil and criminal matters, a party's attorney has general authority to control the procedural aspects of the litigation and, indeed, to bind the client in these matters'; in other words, 'counsel is captain of the ship.' [Citation.] The attorney may not, however, bind the party as to

certain fundamental matters. [Citations.] For example, in a *criminal* case, only the defendant personally may waive a jury trial. (*People* v. *Ernst* (1994) 8 Cal.4th 441 [34 Cal.Rptr.2d 238, 881 P.2d 298]; *In re Horton*[ (1991) 54 Cal.3d 82,] 95 [284 Cal.Rptr. 305, 813 P.2d 1335].) But what applies to a criminal case does not necessarily apply to a competency proceeding," because it is a special proceeding. (*Masterson, supra,* 8 Cal.4th at p. 969.) The court in *Masterson* noted: "The sole purpose of a competency proceeding is to determine the defendant's present mental competence, i.e., whether the defendant is able to understand the nature of the criminal proceedings and to assist counsel in a rational manner. [Citations.] Because of this, the defendant necessarily plays a lesser personal role in the proceeding than in a trial of guilt. How can a person whose competence is in doubt make basic decisions regarding the conduct of a proceeding to determine that very question?" (*Id.* at p. 971.)

The *Masterson* court explained that, with regard to the respective roles of counsel and client in competency hearings under section 1368, " '[A] section 1368 hearing is held only after there has been a prima facie showing of mental incompetence. Of necessity, therefore, defendant's attorney must play a greater role in making fundamental choices for him, and cannot be expected to seek approval of strategic decisions made in the course of obtaining and presenting proof of incompetence. [Citation.] . . . [I]f counsel represents a defendant as to whose competence the judge has declared a doubt sufficient to require a section 1368 hearing, he should not be compelled to entrust key decisions about fundamental matters to his client's apparently defective judgment.' [Citation.]" (*Masterson, supra,* 8 Cal.4th at p. 972.)

The Supreme Court in *Masterson* not only concluded defense counsel may waive defendant's statutory right to demand that a jury decide his competence, but also noted that counsel could waive defendant's other trial rights: "[I]n *People* v. *McPeters* (1992) 2 Cal.4th 1148, 1168–1169 [9 Cal.Rptr.2d 834, 832 P.2d 146], . . . we held that, at the competency hearing, defense counsel validly waived defendant's rights to a jury trial, to present oral testimony and to confront and cross-examine witnesses. (See also *Shephard* v. *Superior Court*[ (1986) 180 Cal.App.3d 23, 29 [225 Cal.Rptr. 328] ['The rationale giving competent defendants ultimate authority over tactical decisions at trial, does not extend to this situation where defense counsel's duty to protect a prima facie mentally incompetent defendant requires contravening that defendant's tactical preferences.'], 30 [referring to the 'critical difference between defense counsel's control over tactical determinations in section 1368 competency proceedings as opposed to guilt phase trial tactics'].)" (*Masterson, supra,* 8 Cal.4th at p. 972.)

The *Masterson* court concluded that it made no difference whether the defendant objected to waiver of his trial rights at a competency hearing: "The

same considerations that cause us to conclude that counsel need not entrust key decisions to the client also compel the conclusion that the client may not veto those same decisions. Whether or not the client objects, counsel must be allowed to do what counsel believes is best in determining the client's competence." (*Masterson, supra,* 8 Cal.4th at pp. 972–973.) The *Masterson* court therefore held that "counsel may waive a jury trial in a proceeding to determine whether the defendant is competent to stand trial on criminal charges, and may make other decisions regarding a jury trial, even over the defendant's objection." (*Id.* at p. 974.)

■ The court in *Harris, supra,* 14 Cal.App.4th at pages 993–994, stated, however, that, "at a minimum, when defense counsel seeks to prove defendant's incompetence over his or her objection, and the defendant expresses the desire to testify that he or she is competent, counsel should permit defendant to so testify, unless the court separately determines that the defendant is incompetent to do so." Defendant in the instant case requested a section 1368 competency hearing but did not request to testify.

Defendant argues that she is not claiming she was deprived of a constitutional right to testify during her competency hearing. Rather, she is arguing that she was denied her due process right to be heard on her claim that she was competent, because her attorney argued she was incompetent and no one advocated the contrary proposition on her behalf. But there is no evidence that defendant asserted in the trial court that she was in fact competent or wanted another attorney to advocate that position. Under such circumstances, in which her attorney doubted defendant was competent to stand trial, the trial court was not required to appoint a second attorney to advocate defendant's competency.

In *People v. Jernigan* (2003) 110 Cal.App.4th 131 [1 Cal.Rptr.3d 511] (*Jernigan*), the court rejected the defendant's contention that, during his competency hearing, the trial court should have appointed a second attorney to argue in favor of the defendant's competency. (*Id.* at p. 134.) When defense counsel in *Jernigan* raised the issue of the defendant's competence, the trial court appointed two doctors to examine the defendant, and set the matter for a competency hearing. The defendant told the court he would not cooperate with the doctors or his attorney, whom he claimed had lied about him. (*Id.* at p. 135.) The defendant thereafter refused to cooperate and did not appear at the competency hearing. The trial court found the defendant was incompetent and committed him to a mental institution. (*Ibid.*)

■ In rejecting the defendant's contention the trial court erred in not appointing a second attorney, the *Jernigan* court explained: "The fact that counsel and her client differed on the central issue of defendant's competency

does not raise an actual conflict requiring the appointment of a second attorney. . . . It is immaterial that the defendant expressly objects to the course his counsel chooses. To permit a prima facie incompetent defendant to veto counsel's decision to argue that the client is incompetent would increase the danger that the defendant would be subjected to criminal proceedings when he or she is unable to assist counsel in a rational manner. [Citation.] Therefore, '[w]hether or not the client objects, counsel must be allowed to do what counsel believes is best in determining the client's competence.' [Citation.]" (*Jernigan, supra,* 110 Cal.App.4th at pp. 135–136.)

(6)    We conclude defendant's due process rights to be heard, to confrontation, to cross-examine witnesses, and to an attorney, were not violated during the competency hearing or thereafter, when the trial court ordered defendant involuntarily committed to a mental institution. The trial court was not required sua sponte to appoint a second attorney to assist defendant in asserting she was competent to stand trial. (*Jernigan, supra,* 110 Cal.App.4th at p. 137.)

VI

DISPOSITION

The judgment is affirmed.

McKinster, Acting P. J., and Miller, J., concurred.