Filed 11/9/21  Abarca v. Superior Court CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JESUS ABARCA,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES,<br><br>Respondent;<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Real Party in Interest. | B308902<br><br>(Los Angeles County Super. Ct. Nos. ZM060383, MA079872) |

ORIGINAL PROCEEDINGS in mandate.  Laura Streimer, Commissioner.  Dismissed.

Ricardo D. Garcia, Public Defender of Los Angeles County, Albert J. Menaster, Michael Salmaggi, and Lara Kislinger, Deputy Public Defenders for Defendant and Petitioner.

Clyde & Co US and Douglas J. Collodel for Respondent.

No appearance for Real Party in Interest.

On November 18, 2020, petitioner Jesus Abarca filed a petition for writ of mandate presenting one issue: "Does a defendant in a competency proceeding have a right to be personally present?" Petitioner alleged he was deprived of his right to be present at competency proceedings in his criminal special circumstances case when he was able to participate, if at all, only by video from the Los Angeles County Jail. Petitioner further alleged that in refusing to permit him to appear in person at the mental health courthouse, neither the Los Angeles Sheriff's Department nor Respondent Los Angeles Superior Court claimed he could not be safely transported and accommodated in person at his court proceedings. Petitioner asks the court to issue a writ of mandate directing the superior court to order petitioner transported to court for all future court dates during his competency proceedings, unless counsel advises that his appearance can be waived. Having been advised by respondent court that petitioner has now been and is being transported to court for his court hearings, we discharge the order to show cause and dismiss the petition as moot.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is charged with two counts of special circumstance murder. On October 15, 2020, he was present with counsel in the Antelope Valley Courthouse when the court declared a doubt as to his mental competence to stand trial, pursuant to Penal Code section 1368.[1] The court suspended criminal proceedings, and ordered competency proceedings to commence at the Mental Health Courthouse in Hollywood.

---

[1] Further undesignated statutory references are to the Penal Code.

On October 29, 2020, the case was called in the Mental Health Courthouse.  Petitioner was not physically present; he participated by video from the jail.  Through counsel petitioner objected to proceeding by way of video.  During the hearing, neither the court reporter nor counsel for petitioner could hear petitioner's voice, although the court determined that petitioner could hear the proceedings in the courtroom.  Petitioner's counsel also advised the court that he could not see petitioner consistently on the screen and counsel had only been able to consult with petitioner before the hearing by way of video.  As counsel was stating his objections to the court, the video lost petitioner and he was no longer visible.

Respondent court agreed to order petitioner into court personally for the next court appearance and asked counsel if he would like an expert appointed in the meantime to examine petitioner for competency.  Counsel declined, stating he needed to see his client in person to gauge how best to proceed.  After learning from the bailiff that it would be possible to bring petitioner to court the following day, respondent court rescheduled the hearing for the next day and ordered petitioner to be physically present.

On October 30, 2020, petitioner was not brought to court. Respondent court stated the order had been "overruled by the higher-ups.  Apparently the COVID policies preclude completely bringing anybody here.  Special circumstances are no exception. There is a Judicial Council and Executive Order that indicates that videoconferencing is an appearance."

On October 9, 2020, the Presiding Judge of respondent court had issued a General Order pertaining to court operations during the COVID-19 pandemic. The order states: "Parties and counsel are strongly urged to avoid in-person appearances and make use of technology to appear remotely whenever possible" and "Judicial Officers are urged to avoid in-person hearings to the greatest extent possible and to use technology to conduct hearings and other court proceedings remotely for the duration of the state of emergency related to the COVID-19 pandemic. However, when the interests of justice require, judicial officers retain the discretion to require in-person appearances."

Respondent court set the next hearing for November 18, 2020. On that date, petitioner refused to appear by video and this petition was filed.[2]

On January 20, 2021, we ordered real party to file a preliminary opposition to the petition no later than January 27, 2021. We also ordered respondent court to file a response no later than the same date. Petitioner was permitted to file a reply on or before February 3, 2021.

On June 2, 2021, we ordered respondent court to show cause why petitioner is not entitled to the relief requested n the petition. We set a briefing schedule for respondent court and petitioner to file and serve their written return and reply, respectively. We noted in our order that although respondent court represented there was no blanket policy against transporting possibly incompetent defendants to the Mental Health Courthouse to attend an adjudicatory hearing, there did

---

[2]     It is unknown to us whether petitioner refused to appear because he was on video or for some other reason.

4

appear to be a policy against transporting possibly incompetent defendant to the Mental Health Courthouse for competency hearings other than for trial or adjudication due to the COVID-19 pandemic.

We have now considered respondent court's written return, filed July 7, 2021 and petitioner's reply filed August 30, 2021. We have also considered respondent court's letter filed September 16, 2021, which advises that petitioner appeared in person on September 14, 2021 for proceedings with respect to competency. A long report was prepared on petitioner's motion to examine petitioner for competency pursuant to Evidence Code section 730. Respondent court found petitioner mentally competent to stand trial and reinstated criminal proceedings, returning the matter to the assigned criminal court for hearing on September 15, 2021. On September 15, 2021, the trial court set petitioner's arraignment and plea for October 4, 2021. In light of this development, we find the petition moot, an issue both parties have discussed in their papers.

## DISCUSSION

A criminal defendant has the right to be personally present at certain pretrial proceedings and at trial under various provisions of law, including the confrontation clause of the Sixth Amendment to the United States Constitution, the due process clause of the Fourteenth Amendment to the United States Constitution, section 15 of article I of the California Constitution, and Penal Code sections 977 and 1043. A defendant's right to be present depends on two conditions: (1) the proceeding is critical to the outcome of the case, and (2) the defendant's presence would contribute to the fairness of the proceeding. (*People v Kelly* (2007) 42 Cal.4th 763, 781–782.) Our case law suggests a

criminal defendant has the right to be present at his own competency proceedings.  (*People v. Jernigan* (2003) 110 Cal.App.4th 131, 137.)

An appellate proceeding will be dismissed when an event occurs that renders it impossible for the court to grant effective relief.  (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.)  We do not give opinions upon moot questions or abstract propositions or to declare principles or rules of law, which cannot affect the matter in issue in the case before the court.  (*Ibid.*)

Here we can grant no effective relief, as petitioner has obtained the remedy he asked us to order.  His competency was adjudicated at a hearing at which he was physically present.  That adjudication concluded all pending competency hearings.  Apparently there were interim proceedings at which petitioner either appeared by video or refused to appear.  We have not been advised of the nature or purpose of those proceedings.  We do note, however, that petitioner alleged in the initial petition: "Petitioner believes respondent court will grant continuances necessary for this writ petition to be heard and take no action on the case in the meantime, without petitioner present."  Hearing nothing to the contrary, we rule on the state of the record as it now stands.

## DISPOSITION

The order to show cause is discharged and the petition is dismissed as moot.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, J.

We concur:


GRIMES, Acting, P. J.


WILEY, J.