# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Holt, 2013 IL App (2d) 120476**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARY M. HOLT, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0476 |
| Filed | October 29, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's appeal from a hearing finding that she was unfit to stand trial on charges of resisting a peace officer was rendered moot by the finding during the pendency of the appeal that defendant was fit to stand trial, but the merits of the appeal alleging that her counsel at the hearing was ineffective in failing to advocate her position that she was fit would be considered under the exception applicable when the stigma of the finding of unfitness could return to haunt defendant in later proceedings or other parts of her life, and in defendant's case, her counsel was not ineffective in exercising his professional judgment by rejecting her desire to be found fit and arguing for a finding of unfitness in order to protect her right to due process. |
| Decision Under Review | Appeal from the Circuit Court of Kendall County, Nos. 10-CM-1186, 11-CM-562; the Hon. John A. Barsanti, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Thomas A. Lilien and R. Christopher White, both of State Appellate
Defender's Office, of Elgin, for appellant.

Eric C. Weis, State's Attorney, of Yorkville (Lawrence M. Bauer and Jay
Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office,
of counsel), for the People.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Hutchinson and Spence concurred in the judgment and opinion.

## OPINION

¶ 1  This appeal arises from an order of the circuit court of Kendall County finding defendant, Mary M. Holt, unfit to stand trial on charges of resisting a peace officer (720 ILCS 5/31-1 (West 2010)), disorderly conduct (720 ILCS 5/26-1(a)(1) (West 2010)), and criminal trespass to a residence (720 ILCS 5/19-4(a)(1) (West 2010)). The trial court entered the order after granting a motion by defendant's attorney for a directed verdict in a fitness hearing held before a jury. Defendant contends that her position during the proceedings below was that she was fit. She argues on appeal that, because her attorney failed to advocate that position, she was deprived of the effective assistance of counsel. We affirm.

¶ 2  Defendant was initially charged with resisting a peace officer and disorderly conduct. Those charges arose from an incident that occurred in November 2010. In February of the following year, defendant entered a negotiated guilty plea to the charge of resisting a peace officer, and the other charge was nol-prossed. Defendant was sentenced to a 12-month term of probation. Defendant successfully moved to withdraw her plea, asserting that her privately retained attorney had misinformed her that her plea would not result in a conviction. Defendant's attorney was given leave to withdraw and the office of the Kendall County public defender was appointed to represent defendant in the proceedings that ensued. In June 2011, defendant was charged with criminal trespass to a residence. Shortly thereafter, however, the State advised the trial court that there was a *bona fide* doubt as to defendant's fitness to stand trial. Defendant was ordered to submit to a fitness evaluation. Defendant unsuccessfully moved, *pro se*, to vacate that order. In her motion, defendant argued that there was no "necessity or basis" for the order. She asserted that she was "a College Degreed Grad and CURRENT Certified Educator in Illinois; able to manage court proceedings."

¶ 3  Defendant's fitness hearing took place on April 16, 2012. During its opening argument, the State advised the jury that it was the State's burden to prove that defendant was fit to stand trial. The State conceded that it would be unable to meet that burden. The State presented the testimony of Timothy Brown, the clinical psychologist who supervised

defendant's fitness evaluation. Brown testified that his opinion was that defendant was not fit to stand trial. As noted, defendant's attorney moved for a directed verdict and the trial court granted the motion. The court also concluded that, with treatment, defendant was likely to attain fitness within one year. The court remanded defendant to the Department of Human Services for inpatient mental-health treatment. This appeal followed.

¶ 4   We note that defendant has advised us that, during the pendency of this appeal, she has been found fit to stand trial. As a result, the issue of whether she received the effective assistance of counsel during the proceedings below is moot. However, we may consider an otherwise moot case where a finding that a defendant was unfit to stand trial because of a mental condition, and an order that the defendant undergo treatment in a mental-health facility, " 'could return to plague the [defendant] in some future proceedings or could affect other aspects of the [defendant's] life.' " *In re Charles H.*, 409 Ill. App. 3d 1047, 1053 (2011), *appeal allowed*, No. 112603 (Ill. Sept. 28, 2011), and No. 112562 (Ill. Nov. 30, 2011) (quoting *In re Val Q.*, 396 Ill. App. 3d 155, 159 (2009)). That is the case here. Beyond the stigma attached to the finding and treatment order, defendant could suffer adverse legal consequences including, for instance, limitations on her right to own firearms (see 430 ILCS 65/8(e) (West 2012)). Accordingly, we will decide defendant's appeal on the merits.

¶ 5   The due process clause forbids conviction of a defendant who is unfit to stand trial. *People v. McCallister*, 193 Ill. 2d 63, 110 (2000). Section 104-11(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/104-11(a) (West 2012)) provides:

"The issue of the defendant's fitness for trial, to plead, or to be sentenced may be raised by the defense, the State or the Court at any appropriate time before a plea is entered or before, during, or after trial. When a bona fide doubt of the defendant's fitness is raised, the court shall order a determination of the issue before proceeding further."

¶ 6   When the issue of fitness is raised before trial, either the State or the defendant may demand that the issue be decided by a jury, or the trial court may order a jury on its own motion. 725 ILCS 5/104-12 (West 2012). Pursuant to section 104-11(c) of the Code (725 ILCS 5/104-11(c) (West 2012)), "[w]hen a bona fide doubt of the defendant's fitness has been raised, the burden of proving that the defendant is fit by a preponderance of the evidence and the burden of going forward with the evidence are on the State." Section 104-10 of the Code (725 ILCS 5/104-10 (West 2012)) provides that "[a] defendant is unfit if, because of his mental or physical condition, he is unable to understand the nature and purpose of the proceedings against him or to assist in his defense." If the court or the jury finds that the defendant is unfit, it shall also determine "whether there is substantial probability that the defendant, if provided with a course of treatment, will attain fitness within one year," in which case the court shall order the defendant to undergo treatment for the purpose of rendering him or her fit. 725 ILCS 5/104-16(d) (West 2012). Section 104-17(b) of the Code (725 ILCS 5/104-17(b) (West 2012)) provides that, if the defendant is unfit due to a mental condition, "the court may order him placed for treatment in the custody of the Department of Human Services, or the court may order him placed in the custody of any other appropriate public or private mental health facility or treatment program which has agreed to provide treatment to the defendant."

¶ 7 Here, a *bona fide* doubt of defendant's fitness was raised by the State. In a *pro se* motion, defendant essentially disputed that her fitness was in doubt. At the fitness hearing, the State did not present evidence to show that defendant was fit; to the contrary, the State acknowledged that it would not be able to meet its burden of establishing fitness. Defendant argues that she was deprived of her right to the effective assistance of counsel inasmuch as "defense counsel failed to even nominally assert [defendant's] position of fitness, and in fact asked for a directed verdict in favor of the State [*sic*]."

¶ 8 Ordinarily, claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a showing that counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance was prejudicial in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. However, a defendant need not make the showing of prejudice (as that term is used in *Strickland*) "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 659 (1984). In that situation, "there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." *Id.* Defendant contends that that is what occurred here. As noted, however, it was the State's burden to prove that defendant was fit. Defense counsel subjected the State's case to meaningful adversarial testing by successfully arguing that the State had failed to meet its burden of proof and thereby obtaining a directed verdict. Granted, the State made defense counsel's job easy by conceding that it would be unable to sustain its burden. That, however, is no reason to conclude that defense counsel's performance was deficient.

¶ 9 The thrust of defendant's argument is not so much that counsel was an ineffective adversary to the State but, rather, that counsel's position on fitness was antithetical to defendant's personal preference for a finding that she was fit to stand trial. Underlying that argument is the assumption, for which no authority is cited, that a criminal defendant whose fitness is subject to a *bona fide* doubt is entitled to decide whether to seek a finding of fitness or unfitness and that his or her attorney is bound by that decision. This assumption is incorrect.

¶ 10 There is authority that an attorney is not obliged to assist a defendant in an attempt to feign a mental condition to obtain a finding that the defendant is *not* fit to stand trial. It has been observed:

"Where a defense attorney knows that his client is capable of communicating intelligently, and the client, in an apparent attempt to deceive the trier of fact, presents confused or self-contradictory testimony, it is the ethical responsibility of defense counsel to disclose to the trial court the facts as he knows them. [Citation.] Our supreme court has held [citation] that defense counsel's duty with respect to the issue of a defendant's fitness consists not in exerting a maximum effort to obtain a finding that the defendant is unfit, but, rather, in taking all necessary steps to insure a fair determination of the issue." *People v. Lewis*, 75 Ill. App. 3d 560, 565-66 (1979) (citing *People v. Brown*, 31 Ill. 2d 415 (1964)).

However, our research has not uncovered any published opinion in Illinois addressing the

precise question raised here, to wit, whether an attorney must defer to a defendant who takes the position that he or she is fit for trial. Accordingly, it is appropriate to look to decisions from other states for guidance. See *Rhone v. First American Title Insurance Co.*, 401 Ill. App. 3d 802, 812 (2010) ("Although the decisions of foreign courts are not binding, 'the use of foreign decisions as persuasive authority is appropriate where Illinois authority on point is lacking or absent.' " (quoting *Carroll v. Curry*, 392 Ill. App. 3d 511, 517 (2009))).

¶ 11      We are persuaded by the reasoning of the California Court of Appeal in *People v. Bolden*, 160 Cal. Rptr. 268 (Cal. Ct. App. 1979). In *Bolden*, two psychiatrists testified for the prosecution that the defendant, who was charged with a violent crime, was suffering delusions and was therefore not competent to stand trial. Defense counsel explained to the trial court that the defendant wanted to testify at the hearing on competency and wanted to be found competent to stand trial. Counsel indicated, however, that the defendant's wishes were in conflict with the defendant's best interests. Counsel believed that the defendant had a potentially viable insanity defense, but that the defendant's cooperation was necessary to advance that defense. Counsel further believed that the defendant's mental condition interfered with the defendant's ability to cooperate in the defense. As the *Bolden* court explained, "[c]ounsel's solution to this dilemma was to place [the defendant] on the witness stand to testify to his competence, and then to offer his own psychiatric witness who testified [that the defendant] was not competent to stand trial." *Id.* at 269. On appeal from a jury verdict finding the defendant not competent to stand trial, the defendant claimed that he did not receive the effective assistance of counsel. The court rejected the argument, reasoning as follows:

> "[The defendant] contends [that] *** he did not receive 'the kind of legal assistance to be expected of a reasonably competent attorney acting as a conscientious, diligent advocate.' [Citation.] No complaint is made about the skill of his attorney or the attorney's dedication to his client. [The defendant's] contention is the attorney was acting in what he felt was the best interest of his client rather than as an *advocate* of his client's position. By his attorney 'siding' with the People in offering evidence of incompetence, [the defendant] contends, his desire to be found competent went unrepresented.

> Diligent advocacy does not require an attorney to blindly follow every desire of his client. An attorney can ordinarily make binding waivers of many of his client's rights as to matters of trial tactics [citation]. When the attorney doubts the present sanity of his client, he may assume his client cannot act in his own best interests and may act even contrary to the express desires of his client [citation]. To do otherwise may cause prejudicial error [citation]." (Emphasis in original.) *Id.* at 270.

¶ 12      Expounding on the reasoning in *Bolden*, the California Court of Appeal has further observed:

> "Defense counsel's ultimate responsibility to his client is to ensure that [the due process clause's prohibition against convicting a defendant who is unfit to stand trial is] not violated. It would place defense counsel and the integrity of the criminal justice system in an impossible position to suggest that defense counsel must ignore his or her bona fide doubt as to the defendant's present competence, simply because the defendant is

personally confident that he or she is competent." *People v. Harris*, 18 Cal. Rptr. 2d 92, 98 (Cal. Ct. App. 1993).

¶ 13      Moreover, although an attorney may choose (as the attorney in *Bolden* did) to call a defendant to testify that he or she is competent, it is not a *sine qua non*. See *People v. Blacksher*, 259 P.3d 370, 436 (Cal. 2011) ("we have never suggested that the *Bolden* procedure was mandatory under any circumstance"). In this setting, counsel must exercise professional judgment in order to ensure that the defendant, if unfit, is not tried in violation of his or her right to due process of law. A rigid procedural rule requiring counsel to call the defendant to testify would undermine counsel's ability to most effectively protect the defendant's constitutional rights and could cause reversible error.

¶ 14      For the foregoing reasons, the judgment of the circuit court of Kendall County is affirmed.

¶ 15      Affirmed.