Filed 12/15/15  Quintana v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| RAMON ALEXIS QUINTANA, | |
| Petitioner, | E064811 |
| v. | (Super.Ct.No. INF1401714) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Ronald L. Johnson, Judge.  (Retired Judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Petition is granted.

Steven L. Harmon Public Defender, Laura B. Arnold, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

1

Michael. A. Hestrin, District Attorney, and Alan D. Tate, Senior Deputy District Attorney, for Real Party in Interest.

In this matter we have reviewed the petition and invited real party in interest to respond.  Real party in interest concedes that petitioner is entitled to the relief granted, and we therefore grant the petition.

Although Penal Code section 1372 does not expressly provide that a defendant who challenges a certification that he or she has regained or attained competence to stand trial is entitled to a hearing, case law recognizes that there is such a right.  (*People v. Murrell* (1987) 196 Cal.App.3d 822, 826 (*Murrell*); see *People v. Rells* (2000) 22 Cal.4th 860 (*Rells*).)[1]

## DISPOSITION

Accordingly, the petition for writ of mandate is granted.  Let a peremptory writ of mandate issue, directing the Superior Court of Riverside County to vacate its order reinstating criminal proceedings, and to set a hearing to determine whether petitioner is competent to stand trial.

---

[1] We note that a case cited by the People as supporting acquiescence in the petition has been depublished.  (*Calloway v. Superior Court* (Aug. 5, 2015) A142854, opn. ordered nonpubl. Nov. 10, 2015.)  However, we believe *Murrell* and *Rells* require the same conclusion.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.  In light of the People's concession, this order shall be final forthwith.

The previously ordered stay is lifted.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
            J.

We concur:


RAMIREZ
        P. J.


MILLER
        J.

3