Filed 11/9/23  P. v. Martin CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JARED ANDREW MARTIN,<br><br>    Defendant and Appellant. | F085047, F085210<br><br>(Super. Ct. Nos. MCR071794 &<br>MCR073503)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Madera County.  Dale J. Blea, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Ross K. Naughton and Sean M. McCoy, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Detjen, J. and Meehan, J.

## INTRODUCTION

Jared Andrew Martin (defendant) appeals the trial court's order finding him not competent to stand trial in case Nos. MCR071794 and MCR073503 which have been consolidated here in one appeal. We affirm the trial court's order.

## BACKGROUND

On July 28, 2021, defendant was charged in case No. MCR071794 with battery by a prisoner upon a nonconfined person (Pen. Code, § 4501.5[1]; count 1) and resisting an executive officer by force (§ 69; count 2). It was also alleged that defendant suffered a prior conviction for a serious or violent felony (§ 667, subds. (b)−(i)). On March 22, 2022, defendant was charged in case No. MCR073503 with criminal threats (§ 422, subd. (a)), a serious felony within the meaning of section 1192.7, subdivision (c). The complaint also alleged that defendant had suffered a prior conviction for a serious or violent felony (§ 667, subds. (b)−(i)) and that he suffered a prior conviction for a serious felony (§ 667, subd. (a)(1)).

On April 4, 2022, defendant was arraigned on both cases and pleas of not guilty and denials to the special allegations were entered on his behalf. Defendant was originally granted the right to represent himself but his privilege was revoked because of his inappropriate and disruptive behavior, which led to him being removed from court. At his July 20, 2022 pretrial release hearing, the People expressed doubt as to defendant's competence. The trial court said it would leave that for defense counsel to determine whether defendant is able to effectively assist counsel.

On August 12, 2022, defendant asked to represent himself, disrupted the court and had to be removed from the courtroom again. Defense counsel informed the trial court that defendant refused his visit, would not speak with him, and wanted to represent himself. The court expressed its concern regarding defendant's ability to assist in the

---

**1**    All further undesignated statutory references are to the Penal Code.

matter. Defense counsel agreed and declared doubt regarding defendant's competency under section 1368. Defense counsel stated that "based on his behavior today in court, I do not feel that I can proceed with him—competently representing him based on his—his lack of desire to cooperate with me." The court agreed and suspended criminal proceedings under section 1368 and ordered an evaluation of defendant to determine whether he was competent to stand trial.

On August 30, 2022, defendant filed a pro se written document entitled "Motion to Proceed in Pro-Per" with the trial court. In his motion, defendant expressed his desire to represent himself and his frustration at the court for what he perceived as forcing him to be represented by a court appointed attorney. Defendant claimed he had "no mental health issues" and "sees no mental health doctors." Defendant asked, "where is the incompetence?" Defendant wrote that he "objects to competency hearings being forced upon him."

On September 15, 2022, the trial court indicated it received the psychologist's report and noted defendant was deemed not competent to stand trial. The evaluator found defendant had psychotic delusions that rendered him incapable of a rational decision about self-representation in a court of law. The evaluator also concluded defendant's illness-related impairments rendered him incapable of rationally weighing the presence and extent of incriminating evidence, conveying pertinent information to his attorney or following courtroom testimony. The parties submitted on the report and the court found defendant incompetent to stand trial. There was no objection from defendant or his counsel, nor did they request a second evaluation. Defendant filed a notice of appeal in case No. MCR073503 on September 22, 2022, and in case No. MCR071794 on October 24, 2022.

## DISCUSSION

Defendant claims that the trial court should have ordered a second psychologist to evaluate his competency under section 1369, subdivision (a) since he did not seek a

3.

finding of mental incompetence. The People argue that it was defense counsel who requested the court suspend the proceedings and determine his competency and therefore, there was no need for a second psychologist to evaluate defendant. And even if the second psychologist should have been appointed, the People contend any error was harmless. We agree with the People.

### A. Applicable Law and Standard of Review

Section 1369, subdivision (a) provides that when there is a doubt as to a defendant's mental competence to stand trial, "[t]he court shall appoint a psychiatrist or licensed psychologist, and any other expert the court may deem appropriate, to examine the defendant." When the defendant does not seek a finding of mental incompetence, "the court shall appoint two psychiatrists, licensed psychologists, or a combination thereof." (§ 1369, subd. (a)(1).) " 'The appointment of two experts in such circumstances provides a minimum protection for the defendant against being incorrectly found incompetent to stand trial.' " (*People v. Leelu* (2019) 42 Cal.App.5th 1023, 1030 (*Leelu*); *People v. Harris* (1993) 14 Cal.App.4th 984, 996.)

"Section 1369, subdivision (a) plainly requires 'defendant or the defendant's counsel' to 'inform[] the court' that the defense is not seeking a finding of incompetence in order to trigger the required appointment of a second mental health expert." (*People v. Lawley* (2002) 27 Cal.4th 102, 133 (*Lawley*).) Errors of state law are reviewed for prejudice under the *Watson* standard. (See *People v. Watson* (1956) 46 Cal.2d 818.) To show prejudicial error justifying reversal, a defendant must "demonstrate there is a reasonable probability that in the absence of the error he or she would have obtained a more favorable result." (*People v. Lightsey* (2012) 54 Cal.4th 668, 699; *Watson*, at p. 836.)

### B. Analysis

In *People v. Harris*, *supra*, 14 Cal.App.4th at p. 996, the appellate court initially observed that it was unclear whether section 1369 compelled the appointment of

two experts when the defendant's counsel asserted incompetence and the defendant personally claimed he was competent. (*Ibid.*)  In *Harris*, the defendant claimed the trial court erred by not appointing two experts to evaluate him under section 1369, subdivision (a).  The court then noted that the trial court "is not required to appoint two experts unless defendant or defense counsel *informs the court* that the defendant is not seeking a finding of mental incompetence." (*Ibid.*)  The court declined to resolve the question whether the trial court had been informed because the commitment order had expired. (*Ibid.*)

In *Leelu*, *supra*, 42 Cal.App.5th 1023, the defendant also claimed the trial court erred in failing to appoint a second mental health evaluator under section 1369, subdivision (a). (*Id*. at p. 1030.)  The defense counsel submitted the question of defendant's mental competency on the report, but informed the court that "she believed she had to 'equate' Leelu's nonlinear statement upon being informed about the doctor's opinion of Leelu's incompetence to 'an objection.' " (*Ibid.*)  The appellate court held that "[a]lthough Leelu's counsel did not request that the trial court appoint a second expert on Leelu's behalf, counsel did communicate Leelu's objection to the first evaluator's finding that she was incompetent." (*Ibid.*)  In addition, the evaluator's report noted that Leelu " 'strenuously denie[d] any present or past mental health symptoms or treatment.' " (*Ibid.*)  Therefore, under these circumstances, the court concluded Leelu herself was not seeking a finding of incompetence and the trial court erred in not appointing a second mental health evaluator. (*Id*. at pp. 1030−1031.)

After *Leelu*, the Supreme Court decided *Lawley*, *supra*, 27 Cal.4th 102 and clarified what is required to trigger the appointment of a second evaluation under section 1369, subdivision (a). (*Id*. at pp. 132−133.)  In *Lawley*, the defendant wanted to represent himself since his attorney disagreed with him wanting to waive his right to a jury trial and to subpoena certain records from the Department of Justice. (*Lawley*, at p. 126.)  Defense counsel indicated to the court that he had a question about whether the

5.

defendant was competent to proceed to trial or stand as his own attorney.  (*Id*. at p. 127.)

Defense counsel requested that the defendant be evaluated pursuant to section 1368,

which was followed by "another outburst by [the] defendant."  (*Ibid*.)  The court agreed,

stating that it had its own doubts as to the defendant's mental competency, suspended

criminal proceedings and appointed a psychologist to examine the defendant.  (*Ibid*.)

After a brief interview of the defendant and review of his records, the court-appointed

psychologist determined the defendant was competent to stand trial.  (*Id*. at pp. 127−129.)

The defendant was interviewed by another psychologist, at defense counsel's request,

who concluded the defendant was incompetent to stand trial.  (*Id*. at p. 129.)  At the trial,

defense counsel urged the court to find the defendant incompetent to stand trial.  (*Id*. at

p. 130.)  The court found the defendant competent to stand trial.  (*Ibid*.)

On appeal, Lawley claimed "that section 1369, subdivision (a) compelled the

appointment of a second expert" since it states " '[i]n any case where the defendant or the

defendant's counsel informs the court that the defendant is not seeking a finding of

mental incompetence, the court shall appoint *two*' mental health experts."  (*Lawley*,

*supra*, 27 Cal.4th at pp. 132−133.)  Even though Lawley acknowledged that neither he

nor his attorney ever expressly informed the court he was not seeking a finding of mental

incompetence, the defendant argued that the judge "was informed" based on his

"insistence on a court trial, a new lawyer, or the right to proceed in propria persona."  (*Id*.

at p. 133.)  However, the court stated there was nothing in the record showing that the

judge knew defendant was not seeking a finding of incompetence.  (*Ibid*.)  The court

concluded that the statute places the requirement on the " 'defendant or defendant's

counsel' to 'inform[] the court' that [defendant] is not seeking a finding of

incompetence."  (*Ibid*.)

Applying the reasoning in *Lawley* here, we see that neither defendant nor his

attorney expressly objected or otherwise informed the court that defendant was not

seeking a finding of incompetence.  (See *Lawley*, *supra*, 27 Cal.4th at p. 133.)  It was

defendant's attorney that requested defendant be evaluated pursuant to section 1368. At the competency hearing, the defense attorney submitted on the evaluator's report finding defendant incompetent to stand trial. Even though defendant contends on appeal that he objected to the competency hearing in an unrelated motion to proceed in propria persona, neither defendant nor his defense attorney raised any objection at the competency hearing. As stated in *Lawley*, the requirement is on the defendant or the defendant's counsel to " 'inform[] the court' " that the defendant is not seeking a finding of incompetence. (*Lawley*, at pp. 132−133.) Since the record does not show that defendant or his counsel informed the court that defendant was not seeking a finding of incompetence, we find the trial court did not err in not appointing a second evaluator under section 1369, subdivision (a).

However, even if the trial court had erred in not appointing a second evaluator under section 1369, subdivision (a), we cannot conclude there is a reasonable probability that in the absence of error defendant would have obtained a more favorable result. (See *Leelu*, *supra*, 42 Cal.App.5th at pp. 1031–1032; *People v. Lightsey*, *supra*, 54 Cal.4th at p. 699; *People v. Watson*, *supra*, 46 Cal.2d at p. 836.) We see no evidence in the record to support a conclusion that appointment of a second mental health expert would have affected the trial court's finding that defendant was not competent to stand trial.

Defendant continually argued and interrupted the trial court until he had to be removed, refused to meet with his court appointed attorney, and insisted that the court was trying to deprive him of his right to represent himself. In concluding defendant was incompetent to stand trial, the evaluator concluded defendant's psychotic delusions rendered him incapable of rational decisions about self-representation and that his mental illness rendered him incapable of rationally weighing the presence and extent of incriminating evidence, conveying pertinent information to his attorney or following courtroom testimony. On this record, it is not reasonably probable that defendant would have been found competent to stand trial if the court had appointed a second evaluator.

## DISPOSITION

The order is affirmed.